ARTHUR S. LEBOWITZ, Appellant-Respondent, v. REGINA E. LEBOWITZ, Respondent-Appellant.— In an action in which a judgment of the Supreme Court, Queens County, dated April 15, 1971, was made after a nonjury trial, *inter alia* granting defendant wife a divorce, (1) plaintiff appeals from so much of the judgment as granted defendant alimony, child support and a counsel fee, including miscellaneous provisions with respect to alimony and support, and (2) defendant cross-appeals from so much of the judgment as dismissed the portion of her second counterclaim which was for loans to plaintiff. Judgment modified, on the law and the facts, by deleting the seventh decretal paragraph thereof. As so modified, judgment affirmed insofar as appealed from, without costs. In our opinion, the decretal provision for payment to defendant of greater support in the future based upon plaintiff's increased earnings must be deleted. Not only is this provision defective for failure to specify the net income base upon which the increased support is premised, but these matters can be determined in the future to meet changing conditions (Domestic Relations Law, §§ 236, 240; *McMains* v. *McMains*, 15 N Y 2d 283; *Golden* v. *Golden*, 37 A D 2d 578). Then, too, where, as here, the wife expended her assets to provide a relatively high preseparation standard of living while the husband attended professional school and finished his training, it is questionable whether she is now entitled to share progressively in his increased earnings on the theory of preseparation sacrifices (see *Hunter* v. *Hunter*, 10 A D 2d 291, 295). Rabin, P. J., Hopkins, Munder, Latham and Christ, JJ., concur.