■ PATRICIA F. PROVENZANO, Respondent, v LOUIS M. PROVENZANO, Appellant.—In a matrimonial action, the defendant husband appeals, as limited by his brief, from so much of a judgment of separation of the Supreme Court, Suffolk County, entered March 3, 1978, as, upon granting the plaintiff wife a separation, provided for an automatic escalation of alimony and child support payments upon an increase in his net income over and above $20,000 per year and directed him to pay a counsel fee in the sum of $4,250. Judgment modified, on the law, by (1) deleting the sixth decretal paragraph thereof, which provided for the automatic escalation of alimony and child support payments, and (2) adding to the 13th decretal paragraph thereof the following: "Such amount shall include $1,750 reimbursement to the plaintiff for a retainer paid to her present counsel, but shall not include reimbursement for the retainer paid to her former counsel." As so modified, judgment affirmed insofar as appealed from, without costs or disbursements. There is no authority for an automatic escalator clause to be applied to the future earnings of this appellant husband. Such provisions violate the principle that "A judgment speaks as of its date and is based on then existing facts" (22 NYCRR 699.9 [f] [5]; *Lebowitz v Lebowitz,* 37 AD2d 841; *Roscini v Roscini,* 41 AD2d 895). The amount of the counsel fee awarded is appropriate provided that plaintiff is reimbursed for her payment of a retainer to her present counsel. She has no right to reimbursement for payment of the retainer to her former counsel since the potentiality or actuality of a voluntary change of counsel by the wife is not among those factors properly considered in fixing the amount of the counsel fee to be paid by the husband (see *Myers v Myers,* 5 Misc 2d 955, affd 5 AD2d 865). Hopkins, J. P., Damiani, Titone and Martuscello, JJ., concur.