■ MICHAEL RUBENSTEIN, Appellant, v SELMA RUBENSTEIN, Respondent.—In an action for a divorce and ancillary relief, the plaintiff husband appeals from so much of a judgment of the Supreme Court, Suffolk County (Fierro, J.), entered May 13, 1988, as directed him to pay $300 per week for support of the two infant children of the marriage until the emancipation of the youngest child.

Ordered that the judgment is modified, on the facts and as an exercise of discretion, by deleting from the fifth decretal paragraph the phrase "$300.00 per week as and for support of the children" and substituting the phrase "$150.00 per week per child as and for support of the children", and by deleting the word "last" and substituting therefor the word "each"; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements.

The failure of the trial court to divide the child support payment between the two children of the marriage will result in either a continuation of the child support to the older child beyond her twenty-first birthday or an automatic increase in child support to the younger child upon the older child's

twenty-first birthday. Either result is improper. There is no legal ground for court-ordered child support beyond the age of 21 (see, Family Ct Act § 413 [1]; Domestic Relations Law § 32 [3]; *Bani-Esraili v Lerman*, 69 NY2d 807, 808; *Hirsch v Hirsch*, 142 AD2d 138, 140). It is also well established that provisions for future modifications of child support awards are improper (see, *Gluck v Gluck*, 134 AD2d 237, 238; *Bizzaro v Bizzaro*, 106 AD2d 690, 693). The availability of a motion for a downward modification when the older child reaches the age of majority does not, as the respondent argues, prevent this court from exercising its discretion to remedy the situation on appeal from the judgment (see, *Kaplan v Kaplan*, 77 AD2d 891; *Matter of Goldberg v Aylward*, 72 AD2d 510). Brown, J. P., Lawrence, Eiber and Spatt, JJ., concur.