■ In the Matter of CHARLENE KRAUSE, Appellant, v MICHAEL W. KRAUSE, Respondent. [697 NYS2d 894] —Order unanimously reversed on the law without costs, objections granted in part, order of Hearing Examiner vacated, petition reinstated and matter remitted to Erie County Family Court for further proceedings in accordance with the following Memorandum: Family Court erred in denying in their entirety petitioner's objections to the order of the Hearing Examiner entered January 13, 1998, that dismissed the petition seeking modification of a prior child support order entered June 26, 1996. In the prior order, the Hearing Examiner determined that, because each party had physical placement of one child, respondent was obligated to pay petitioner a "net" amount of $51.76 per week based on the parties' respective child support obligations. Subsequently, the older child was determined by the court to be emancipated. Petitioner contends that respondent is no longer entitled to a setoff of his child support obligation because the split custody arrangement has ended, and that was the sole basis for the order of $51.76 per week. We agree. The court erred in continuing the order of $51.76 per week without determining that factors existed to warrant modification of its original determination of respondent's child support obligation for the younger son as set forth in the findings of fact underlying the June 26, 1996 order (*see,* Family Ct Act § 413 [1] [c], [f]). The court further erred in requiring petitioner to establish a change in circumstances warranting an upward modification (*cf., Jensen v Jensen,* 212 AD2d 1003; *McArthur v Bell* [appeal No. 2], 201 AD2d 974, *lv dismissed* 83 NY2d 906, *lv denied* 85 NY2d 809). In addition, the Hearing Examiner erred in failing to require respondent to submit proof of his income (*see,* Family Ct Act § 413 [1] [b] [5] [i]; [c]). The record, therefore, is inadequate for this Court to determine a child support award consistent with Family Court Act § 413 (1) (c) and (f), and the matter must be remitted to Erie County Family Court for that determination "based upon updated financial information from both parties" (*Martusewicz v Martusewicz,* 217 AD2d 926, 928, *lv denied* 88 NY2d 801). (Appeal from Order of Erie County Family Court, Battle, J.—Support.) Present—Pine, J. P., Lawton, Hayes, Wisner and Scudder, JJ.