■ THERESA REILICH, Appellant-Respondent, v WILLIAM REILICH, Respondent-Appellant. [714 NYS2d 253] —Judgment unanimously modified on the law and as modified affirmed without costs and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: Supreme Court erred in averaging defendant's income for a three-year period to determine the combined parental income rather than utilizing the most recently filed Federal income tax return (*see,* Domestic Relations Law § 240 [1-b] [b] [5] [i]; *Haas v Haas,* 265 AD2d 887). The court further erred in failing to conduct a hearing with respect to the sharply contested issue of the appropriate amount of child support. Instead, the court adopted findings of fact submitted by defendant that included findings pursuant to Domestic Relations Law § 240 (1-b) (f), without the benefit of testimony with respect to those factors. The stipulated financial information and counsels' statements of the parties' positions fail to provide a sufficient basis for the court's determination and for our review of that determination.

Moreover, the court abused its discretion in failing to award

plaintiff arrears for child support during the period in which the temporary order was in effect. Plaintiff is entitled to arrears for child support dating back to the commencement of the action, and defendant is entitled to a credit for any child support payments made both during the period in which the temporary order was in effect and subsequent to the judgment of divorce (*see, DiSanto v DiSanto,* 198 AD2d 838; Domestic Relations Law § 236 [B] [7] [a]). Defendant has not preserved for our review his contention that he should be given credit for mortgage payments that he made prior to the entry of the temporary order. In any event, defendant conceded that he owed plaintiff arrears for that period in his proposed findings of fact. We therefore modify the judgment by vacating decretal paragraphs 3 through 8, and we remit the matter to Supreme Court for a hearing to determine the appropriate amount of child support, utilizing updated financial information (*see, Matter of Krause v Krause,* 266 AD2d 883), and to determine the amount of child support arrears owing to plaintiff and the amount of any credits owing to defendant.

Finally, the court did not abuse its discretion in denying plaintiff's request for additional attorney fees (*see,* Domestic Relations Law § 237 [a]). (Appeals from Judgment of Supreme Court, Monroe County, Bergin, J.—Matrimonial.) Present—Pine, J. P., Wisner, Hurlbutt, Scudder and Balio, JJ.