which the court sat, Texas, applies (*see Semtek Intl. Inc. v Lockheed Martin Corp.*, 531 US 497, 507-509). Under Texas law, res judicata bars a defendant's claim if that claim was compulsory in the original action (*see Ingersoll-Rand Co. v Valero Energy Corp.*, 997 SW2d 203, 207 [Tex]). However, contribution claims under Texas law are permissive, not compulsory (*see Ingersoll-Rand Co. v Valero Energy Corp.*, 997 SW2d 203, 208 [Tex]; *Morris v Landoll Corp.*, 856 SW2d 265 [Tex Ct App, 2d Dist, writ denied]).

Finally, we do not find the invocation of judicial estoppel warranted in this case. Concur—Andrias, J.P., Saxe, Buckley and Lerner, JJ.

■ R.R., Appellant, v P.R., Respondent. [748 NYS2d 474] —Order and judgment (one paper), Supreme Court, New York County (Marylin Diamond, J.), entered May 30, 2001, which, insofar as appealed from, equitably distributed the marital property and awarded maintenance and child support, with related relief, unanimously affirmed, without costs.

The trial court properly exercised its discretion in awarding defendant maintenance for three years (*see Anonymous v Anonymous*, 289 AD2d 106, 107). The award was fair, given the parties' predivorce standard of living and reasonable needs (*see Kirschenbaum v Kirschenbaum*, 264 AD2d 344). Plaintiff's contention that he will be unable to make the required maintenance payments is not persuasive (*cf. Kyle v Kyle*, 156 AD2d 508, 509).

The trial court also properly exercised its discretion in distributing the marital property. In making the distributive award, the court properly was appropriately cognizant of the value of plaintiff's medical specialty, even though plaintiff was not yet board certified in that specialty at the time of trial (*see Procario v Procario*, 164 Misc 2d 79, 81-82). Having discredited defendant's expert on enhanced earnings, the court properly based its findings on other evidence (*see Vicinanzo v Vicinanzo*, 193 AD2d 962, 967).

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Andrias, J.P., Saxe, Buckley and Lerner, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JESSE SOLER, Appellant. [748 NYS2d 475] —Judgment, Supreme Court, New York County (Marcy Kahn, J.), rendered on or about April 17, 2000, unanimously affirmed.

Application by appellant's counsel to withdraw as counsel is granted (*see Anders v California*, 386 US 738; *People v Saun-*