■ MELANIE CASH-SCHER, Respondent, v ROBERT SCHER, Appellant. [748 NYS2d 868] —Judgment, Supreme Court, New York County (Sherry Klein Heitler, J.), entered December 19, 2000, which, inter alia, distributed the parties' marital property, awarded plaintiff maintenance, child support and legal and expert fees, and fixed defendant's pendente lite support arrears, unanimously affirmed, without costs.

No reason exists to disturb either the valuation of defendant's business, which, in large part, was based on the credibility of expert testimony (see Johnson v Johnson, 277 AD2d 923, 926, lv dismissed 96 NY2d 792), or the award of one half thereof to plaintiff, which was based on ample evidence of her direct and indirect contributions (see Terico v Terico, 222 AD2d 219; Traut v Traut, 181 AD2d 671). The maintenance award was fair, given the parties' predivorce standard of living and plaintiff's reasonable needs and long absence from the work force (see R.R. v P.R., 298 AD2d 169). The legal and expert witness fees awarded to plaintiff were warranted by the economic disparities between the parties and defendant's obstructionist conduct, especially his failure to pay pendente lite support. Defendant's claim that he is unable to pay the amounts awarded is unper-

suasive in view of the amount of income imputed to him for lack of information necessary to determine his actual income and the finding that he purposely diminished his traceable earnings. We have considered defendant's other arguments, including that the calculation of pendente lite support arrears did not take certain payments into account, and find them unavailing. Concur—Buckley, J.P., Sullivan, Rubin, Friedman and Gonzalez, JJ.