■ SCOTT McINNIS, Appellant-Respondent, v SUZZI McINNIS, Respondent-Appellant. [804 NYS2d 70]—

Judgment, Supreme Court, New York County (Laura Visitacion-Lewis, J.), entered January 26, 2005, inter alia, equitably distributing the parties' marital property, unanimously affirmed, without costs.

The motion court properly awarded defendant wife a share in the value of certain securities plaintiff husband acquired during the pendency of a prior, dismissed action for divorce instituted by the wife, without taking into account the taxes the husband paid on his sale of the securities, and his claimed use of the proceeds to pay his court-ordered pendente lite obligations in the first action. The husband concedes that the securities were marital, but argues that any distribution thereof to the wife is unfair. We disagree. As the motion court explained, the proceeds of the securities were no less marital property than the securities themselves, and, even if it were possible to trace which specific dollars from the proceeds were used to pay the pendente obligations, maintenance payments must be made from the payor's income, not money derived from marital property (*see Elkaim v Elkaim*, 176 AD2d 116, 118 [1991], *appeal dismissed* 78 NY2d 1072 [1991]). Nor does it appear that in the context of an overall distribution involving a 60-40 split in favor of the husband, and a maintenance program under which payments are taxable to the wife, that fairness requires that the husband be credited for the taxes he paid on the sale of the securities. We have considered the parties' other arguments for affirmative relief and find them unavailing. Concur—Saxe, J.P., Marlow, Nardelli, Gonzalez and Sweeny, JJ.