■ DEBBIE MOSTEL, Respondent, v BENNETT MOSTEL, Appellant. [811 NYS2d 368]—

Order, Supreme Court, New York County (Judith J. Gische, J.), entered on or about October 26, 2004, which, inter alia, fixed the parties' respective child support obligations, unanimously modified, on the law, to vacate the amounts so fixed, and the matter remanded solely for a recalculation of defendant's income that takes into account the expenses associated with his investment income, and, on the basis thereof, for a recalculation of the parties' respective child support obligations based on their full combined income, and otherwise affirmed, without costs.

We modify as above indicated as the statute requires that investment income be reduced by sums expended in connection therewith (Domestic Relations Law § 240 [1-b] [b] [5] [ii]). Defendant's 2003 tax return shows $15,489 of expenses in connection with $4,636 of investment income from 331 Investors, LLC, but the motion court, which otherwise relied on this tax return in determining defendant's income, did not subtract the $15,489. The motion court's use of income above the $80,000 cap was properly based on the large financial disparity between the parties and the family's preseparation standard of living (*see* Domestic Relations Law § 240 [1-b] [f] [3], [7]). We have considered and rejected defendant's other arguments. Concur—Buckley, P.J., Mazzarelli, Marlow, Sullivan and Sweeny, JJ.