■ DEBORAH AZIZO, Respondent, v DANIEL AZIZO, Appellant. [859 NYS2d 113]—

Judgment, Supreme Court, New York County (Laura Visitación-Lewis, J.), entered July 13, 2006, directing, inter alia, that defendant pay basic child support of $4,168 per month (with an annual cost of living adjustment) and 100% of reasonable add-on expenses until emancipation, plus spousal maintenance of $6,125 per month for 84 months (subject to certain limitations); awarding 70% of marital assets to plaintiff; and finding that defendant wastefully dissipated $779,000 of marital assets, thus entitling plaintiff to a credit of 70% therefor, unanimously modified, on the law, the facts and in the exercise of discretion, basic child support reduced to $2,834.39 a month once the parties' older child is emancipated, the cost-of-living adjustment to basic child support deleted, the distribution of marital assets 55% for plaintiff and 45% for defendant to be used in adjusting all payments and calculating all credits, defendant credited with $102,823.73 as 45% of his overpayments of pendente lite support and maintenance, and otherwise affirmed, without costs. Order, same court and Justice, entered May 24, 2006, which, to the extent appealed from, awarded plaintiff attorneys' fees of $664,538 and expert fees of $57,142, unanimously affirmed, without costs.

The trial court erred when it averaged defendant's income for

the four years preceding commencement of this divorce action (*Reilich v Reilich*, 275 AD2d 929 [2000]). However, we do not accept defendant's claim that his income is only $63,800 per year (*see* Domestic Relations Law § 240 [1-b] [b] [5] [v]; *see also e.g. Isaacs v Isaacs*, 246 AD2d 428 [1998]). Instead, we impute income to him as follows: in fiscal year 2001 (the most recent undistorted year), his income represented 20.7% of the gross revenue of Azizo Imports; in fiscal year 2005, the gross revenue of the business was $1.25 million; 20.7% of $1.25 million amounts to $258,750 per year.

Given that (a) defendant's income did decline, (b) he was paying the children's private school tuition and medical costs, all carrying costs on the marital residence, and premiums for life insurance policies on which plaintiff was the beneficiary, (c) some of the expenses on plaintiff's net worth statement (i.e., the statement underlying the pendente lite order) turned out to be exaggerated, and (d) plaintiff's pendente lite award is actually greater than her final award after taking into account the carrying costs of the marital residence, the temporary monthly awards of $4,134 for child support and $5,000 for spousal maintenance were excessive. More reasonable monthly figures would be $1,666.67 for pendente lite child support (25% of $80,000), and $2,500 for pendente lite maintenance. Since defendant paid $9,134 per month for 46 months but should have paid only $4,166.67 per month, he overpaid by $228,497.18. Accordingly, since the pendente lite support was paid out of marital assets, defendant should receive a credit of 45% of his overpayment of $228,497.18, amounting to $102,823.73.

Given that plaintiff has only two years of college education and did not work outside the home for most of the parties' marriage, and given their predivorce standard of living, the trial court's post-trial decision properly awarded plaintiff $6,125 per month in maintenance (*see e.g. Acosta v Acosta*, 301 AD2d 467, 468 [2003], *lv denied* 100 NY2d 504 [2003]; *Cash-Scher v Scher*, 299 AD2d 193 [2002]).

In light of "the large financial disparity between the parties and the family's preseparation standard of living" (*Mostel v Mostel*, 27 AD3d 291 [2006]), the trial court properly went above the $80,000 Child Support Standards Act cap (*see also Kosovsky v Zahl*, 272 AD2d 59 [2000]).

Defendant's contention that his basic child support payments should be reduced by the amount of his education expense contributions is unavailing. First, basic child support can be reduced by the *room and board* portion of boarding school or college expenses, but not the tuition portion (*see e.g. Lee v Lee*,

18 AD3d 508, 512 [2005]). Second, there is no evidence that the children were attending boarding school as of the time of the judgment. If one of the children is now attending boarding school, defendant may move to modify the judgment in light of changed circumstances.

Instead of directing defendant to pay basic child support of $4,168 per month (based on 25% of combined parental income) until both children are emancipated, the trial court should have directed the payment to be reduced to $2,834.39 per month (17%) when the older child becomes emancipated (*see id.* at 511; *Rubenstein v Rubenstein*, 155 AD2d 522 [1989]).

The court should not have imposed a cost-of-living adjustment of basic child support on the parties absent their agreement (*see Bizzarro v Bizzarro*, 106 AD2d 690, 693 [1984]; *Provenzano v Provenzano*, 71 AD2d 618 [1979]).

Defendant's claims that the judgment varies from the court's decision in certain respects are not properly raised on appeal; instead, he should have moved below to correct the judgment (*see Hanlon v Thonsen*, 146 AD2d 743, 744 [1989]).

Since defendant was the only wage earner at the time of the judgment, he was properly ordered to pay 100% of add-on expenses (*see Greenfield v Greenfield*, 234 AD2d 60, 61 [1996]). If plaintiff becomes employed, defendant may move to reallocate the add-ons, especially the children's unreimbursed health care expenses (*see* Domestic Relations Law § 240 [1-b] [c] [5]).

The direction that defendant pay the children's college expenses was appropriate in the circumstances presented.

We decline to disturb the trial court's finding that defendant dissipated $779,000 of marital assets. That determination rests largely on the court's assessment of the credibility of the parties and of plaintiff's expert.

Defendant was certainly guilty of some economic fault. However, his fault was less than in *Maharam v Maharam* (245 AD2d 94 [1997]), where the wife was awarded 65% of marital assets, and *Davis v Davis* (175 AD2d 45 [1991]), where the wife was awarded 60% of the marital estate. The award of 70% to plaintiff in the instant case was excessive, and we reduce it to 55%.

Since pendente lite payments should not be made from marital property (*see e.g. McInnis v McInnis*, 23 AD3d 241, 242 [2005]), the trial court properly required defendant to reimburse the marital estate for marital assets he liquidated in order to comply with the pendente lite order.

In light of the economic disparity between the parties and

defendant's conduct during this action, the trial court providently exercised its discretion in awarding plaintiff counsel and expert fees (*see e.g. Cash-Scher v Scher*, 299 AD2d 193 [2002], *supra*). Concur—Lippman, P.J., Saxe, Catterson and Acosta, JJ.