OPINION OF THE COURT
Pam B. Jackman-Brown, J.
Plaintiff commenced the instant proceeding with the filing of a summons with notice on October 28, 2010. On May 25, 2012, plaintiff filed the instant order to show cause seeking an order: (1) restraining the defendant, her agents and/or attorneys from transferring, selling, assigning or dissipating her lottery winnings in the sum of $623,040 pending a determination of this application; (2) declaring that the proceeds of the lottery winnings are a marital asset subject to equitable distribution; (3) vacating the portion of the court’s decision and order dated June 22, 2011, retroactively to June 22, 2011, which inter alia directed the plaintiff to pay interim maintenance of $127.39 per week and interim counsel fees of $4,500; (4) modifying the parties’ stipulation dated April 25, 2011, which required the plaintiff to pay 77% of unreimbursed medical, educational and extracurricular activities expenses by requiring the defendant to pay 90% of aforesaid expenses; (5) pursuant to Domestic Relations Law § 236 directing the defendant to pay interim counsel *670 fees of $5,000; and (6) for such other and further relief as to this court is just and proper. Defendant opposes the application. On October 3, 2012, both parties appeared with counsel. After oral argument, the motion was fully submitted.
Preliminarily, the court notes the procedural history of this case. The parties partially resolved defendant’s prior order to show cause seeking pendente lite relief on April 25, 2011. At that time, the parties agreed that plaintiff would pay basic child support pursuant to the Child Support Standards Act guidelines. The parties agreed that plaintiff would pay his pro rata share of educational, extracurricular, summer camp and unreimbursed health expenses. The parties agreed that plaintiff’s pro rata share of such expenses was 77%. On June 22, 2011, the court issued a decision and order resolving the remaining issues of defendant’s application seeking pendente lite relief. The court directed that each party pay his or her own housing expenses and directed plaintiff to pay the sum of $127.39 weekly as temporary maintenance. The court further awarded counsel fees to defendant’s counsel in the sum of $4,500, with $2,000 to be paid within 60 days from the date of the decision and the balance of $2,500 to be paid within 120 days from the date of the decision. It is undisputed that defendant purchased a New York State lottery ticket in or about May 2011 and won the lottery prize on May 19, 2011, but did not claim her winnings until almost one year thereafter. The lottery winning was $1 million but defendant received the sum of $623,040, after deducting a withholding tax in the sum of $376,960. Notably, although defendant knew she won the lottery drawing, she did not disclose her winnings to the court at the time of the order of June 2011.
After plaintiff filed the instant order to show cause, this court issued an order, dated May 31, 2012, directing defendant to deposit the sum of $50,000 with her attorney until the determination of the instant motion and staying the payment of unreimbursed medical expenses, educational expenses and extracurricular expenses and payment of maintenance and counsel fees until determination of the instant motion.
Lottery Winnings as a Marital Asset
Plaintiff seeks an order declaring that the proceeds of the lottery winning are a marital asset. Plaintiff argues that defendant purchased the lottery ticket with marital funds as plaintiff continued to support the defendant and children after the commencement of the action. Defendant opposes the application *671 and argues that the ticket was purchased after the commencement of the action, and, therefore, the proceeds are not an asset subject to equitable distribution.
The Appellate Division, Second Department, has held, “the proceeds of a winning lottery ticket acquired by a spouse during the marriage constitute marital property” (Damon v Damon, 34 AD3d 416, 416-417 [2d Dept 2006]). Domestic Relations Law § 236 (B) (1) (c) defines marital property as property acquired by either or both spouses during the marriage and before the commencement of a matrimonial action. Domestic Relations Law § 236 (B) (5) (c) provides that marital property shall be distributed equitably between the parties, considering the circumstances of the case and of the respective parties.
In the instant matter, plaintiff commenced the instant proceeding on October 28, 2010. It is undisputed that defendant purchased the lottery ticket after commencement of this proceeding. Thus, the lottery winning proceeds of May 2011 are not a marital asset as the ticket was purchased after the commencement of the action.
Although plaintiff argues that defendant purchased the ticket with marital funds because he continued to support the family after commencement of the action, plaintiffs argument is unpersuasive. The trend in the Appellate Division, Second Department, disfavors the use of marital funds to meet pendente lite obligations and requires that the payor reimburse the other party for his or her equitable share of marital funds used to satisfy pendente lite obligations. (Many v Many, 84 AD3d 1036, 1037 [2d Dept 2011].) It is well settled in the Appellate Division, First Department, that pendente lite payments should be paid from the payor’s income, not marital funds. (See Elkaim v Elkaim, 176 AD2d 116, 118 [1st Dept 1991]; McInnis v McInnis, 23 AD3d 241, 242 [1st Dept 2005]; Azizo v Azizo, 51 AD3d 438, 440 [1st Dept 2008].) This trend indicates that the funds used to pay maintenance and/or carrying charges pendente lite, after commencement of a matrimonial proceeding, are not marital funds. Rather, the funds, derived from the payor’s income, are deemed to be a non-marital asset. Therefore, the funds defendant used to purchase the lottery ticket are non-marital, and the resulting proceeds are also deemed to be a non-marital asset. Accordingly, plaintiffs application seeking an order declaring the lottery winning proceeds to be a marital asset is denied.
Interim Maintenance and Counsel Fees
Plaintiff seeks an order vacating the portion of the court’s decision and order, dated June 22, 2011, retroactively to June 22, *672 2011, which inter alia directed plaintiff to pay interim maintenance in the sum of $127.39 weekly, and interim counsel fees in the sum of $4,500. Defendant concedes that she is no longer in need of temporary maintenance, but was in need of maintenance until she received the winning proceeds on May 21, 2012.
Domestic Relations Law § 236 (B) (9) (b) (1) provides that the court may modify or annul any prior order as to maintenance upon a substantial change in circumstances. The statute further provides that arrears which accrued prior to the application seeking modification shall not be subject to modification unless the defaulting party shows good cause for failure to seek a modification prior to the accrual of arrears. Such modification may increase maintenance nunc pro tunc as of the date of application based on newly discovered evidence.
It is undisputed that a change in circumstances has occurred in this matrimonial proceeding. Defendant concedes that as of the date she received the actual proceeds from the lottery she was no longer in need of temporary maintenance. A substantial change in circumstances occurred when defendant became the winner of the lottery in May 2011. Therefore, a modification of the temporary maintenance order is warranted.
The statute explicitly provides that arrears of temporary maintenance which accrue prior to an application seeking to modify or annul temporary maintenance shall not be subject to modification, except for good cause shown. An upward modification of temporary maintenance may retroactively increase as of the date of the application to modify or annul. Although the statute does not expressly provide that an application seeking to modify temporary maintenance is retroactive to the date of application, it is implied. Additionally, courts have held that downward modifications of temporary maintenance “may operate only prospectively” (Petek v Petek, 239 AD2d 327, 328 [2d Dept 1997]).
The court notes that plaintiff alleged that defendant had constructive knowledge that she possessed a winning ticket and that she is an avid lottery player. Defendant did not dispute that she was aware she was the winner on the date of the lottery game, May 19, 2011. Therefore, plaintiffs application seeking to vacate the provision of the decision and order, dated June 22, 2011, directing plaintiff to pay temporary maintenance in the sum of $127.39 weekly is granted. However, plaintiffs application for credit back to the date of the order is granted only to the extent of the date of his application. Accordingly, it is *673 hereby ordered that the provision of the decision and order, dated June 22, 2011, directing plaintiff to pay the sum of $127.39 weekly to defendant is vacated, effective May 25, 2012, the date of plaintiffs application. Plaintiff shall receive a credit for all sums of temporary maintenance paid after May 25, 2012.
The court now turns to plaintiff’s application seeking to vacate the provision of the decision and order, dated June 22, 2011, directing plaintiff to pay the sum of $4,500 as interim counsel fees to defendant’s attorney. Plaintiff only paid $2,000 instead of the $4,500 as directed.
In making an award of interim counsel fees, Domestic Relations Law § 237 provides that the court shall consider the circumstances of the case and of the respective parties. The statute includes a rebuttable presumption that counsel fees shall be awarded to the less monied spouse.
At the time of the decision and order, dated June 22, 2011, defendant stated she was unemployed and was considered to be the less monied spouse. However, defendant was not forthright in disclosing her winnings in May 2011 and that she was choosing to accept the proceeds a year later. It was only upon plaintiffs application that defendant fully disclosed the circumstances of the lottery winning and the drawing of the proceeds from the lottery. Although defendant continues to be unemployed, she was a winner of a substantial sum of monies and was not the less monied spouse for consideration of attorney fees. Considering the circumstances of the case and of the respective parties, and in the interests of justice, plaintiffs application to vacate the provision of the decision and order, dated June 22, 2011, regarding interim counsel fees is granted. The decision and order granting interim legal fees to defendant’s counsel is vacated. Plaintiff shall be entitled to a credit of the sum of $2,000 paid as interim counsel fees to defendant’s counsel. Defendant is responsible for the remaining balance of $2,500 and other counsel fees accrued. It is hereby ordered that the provision of the decision and order, dated June 22, 2011, directing plaintiff to pay the sum of $4,500 as interim counsel fees for defendant’s counsel is vacated. Plaintiff is granted a credit in the sum of $2,000 to be relocated from the equitable distribution.
Modification of Children’s Unreimbursed Medical Expenses, Educational Expenses and Extracurricular Expenses
Plaintiff seeks an order modifying the parties’ so-ordered stipulation, dated April 25, 2011, requiring plaintiff to pay 77% *674 of the children’s unreimbursed medical, educational and extracurricular expenses. Defendant argues that the parties should continue to pay the expenses in the same proportion as provided in the so-ordered stipulation. Alternatively, defendant argues that if the court should find that the current proportions are unfair, the parties should be equally responsible for such expenses.
Domestic Relations Law § 240 (1-b) (b) (5) defines “income” for the purposes of calculation of child support. Specifically, Domestic Relations Law § 240 (1-b) (b) (5) (i) defines gross income as income that should have been reported or should be reported as income in the most recent federal tax return. Domestic Relations Law § 240 (1-b) (e) provides that the court may allocate a proportion of nonrecurring payments from extraordinary sources, including lottery winnings, to child support. The court has discretion to exclude nonrecurring payments from a party’s gross income for child support purposes. (See Matter of Muselevichus v Muselevichus, 40 AD3d 997 [2d Dept 2007].)
Domestic Relations Law § 240 (1-b) (c) (5) (v) states that the court shall pro rate each parent’s share of reasonable health expenses not reimbursed or paid by insurance in the same proportion as each parent’s income is to the combined parental income. It is worthy of note that plaintiff does not seek to modify his child support obligation. Rather, plaintiff argues that defendant’s income has increased and, therefore, this has affected the parties’ proportionate shares of the combined parental income. It is undisputed that defendant received the lottery winning proceeds in a lump-sum payment. As the payment is a nonrecurring payment, the court declines to consider defendant’s lottery winnings as income for the purpose of calculating the parties’ gross incomes and combined parental income. As a result, the parties’ combined parental income and pro rata contributions to the children’s unreimbursed medical expenses are unchanged. Accordingly, plaintiffs application seeking to modify his contribution to the children’s unreimbursed medical expenses is denied. It is ordered that plaintiff shall continue to pay 77% of the children’s unreimbused medical expenses pursuant to the so-ordered stipulation, dated April 25, 2011.
Pursuant to Domestic Relations Law § 240 (1-b) (c) (7), the court may direct a noncustodial parent to pay for “post-secondary, private, special, or enriched education” for a child, in consideration of the circumstances of the case, the parties’ circumstances and the best interest of the child. If the court *675 determines that such educational expenses are in the child’s best interest, the court shall direct payment of the educational expenses in a manner determined by the court. Considering the circumstances of the case at the time of the so-ordered stipulation, dated April 25, 2011, and the parties’ current circumstances, the court finds sufficient change in circumstances warranting a modification of the parties’ payments of the children’s extracurricular and educational expenses. Plaintiffs application to modify his contribution to the children’s educational and extracurricular expenses is granted. The parties shall equally share the children’s educational and extracurricular expenses. Accordingly, it is ordered that the parties shall equally divide the educational and extracurricular expenses of their three children, effective May 25, 2012. Plaintiff shall receive a credit for all sums paid in excess of 50% for said expenses that incurred after May 25, 2012.
Counsel Fees
Plaintiff seeks an award of interim counsel fees in the sum of $5,000. Defendant opposes the application.
As previously stated, Domestic Relations Law § 237 provides that a court may award interim counsel fees in a matrimonial proceeding. Uniform Rules for Trial Courts (22 NYCRR) § 202.16 (k) provides that all motions seeking pendente lite child support, maintenance and counsel fees shall include a statement of net worth in official form. Section 202.16 (b) provides that statements of net worth shall he exchanged and filed with the court pursuant to Domestic Relations Law § 236. Specifically, Domestic Relations Law § 236 (B) (4) (a) provides that all “sworn statements of net worth shall be accompanied by a current and representative paycheck stub and the most recently filed state and federal income tax returns including a copy of the W-2(s) wage and tax statement(s) submitted with the returns.” Section 202.16 (k) (5) provides that upon the movant’s failure to comply with subdivision (k), the court may, in its discretion, either draw a favorable inference to the adverse party with respect to any disputed issue affected by the failure to comply or deny the motion without prejudice to renewal upon compliance with the provisions of subdivision (k).
Turning to plaintiff’s application, plaintiff annexed a retainer agreement, but failed to attach a statement of net worth in accordance with the Uniform Rules. Moreover, although plaintiff argues that the parties have a great disparity in income, the court declines to include defendant’s lottery win *676 ning proceeds as income. Thus, the parties’ incomes remain unchanged. Considering the circumstances of this case and the circumstances of the parties, plaintiff’s application seeking interim counsel fees is denied.
However, based on the circumstances that occurred that caused this motion to be filed by plaintiff and due to defendant’s failure to be forthright at the time of her winnings, the court grants plaintiffs motion for attorney fees incurred for the instant motion. Counsel for plaintiff shall submit a bill for the hours incurred preparing and arguing the instant motion to the court for consideration of attorney fees.
Order Dated May 31, 2012
On May 31, 2012, the court directed that defendant shall deposit the sum of $50,000, payable to her attorney, as escrow agent, until determination of the instant motion or further order of this court.
Ordered that defendant’s attorney John O’Donnell shall release the sum of $2,500 as and for defendant’s counsel fees. The remaining balance shall be held in defendant’s counsel’s escrow account until further order of the court.
Based on the above findings, the orders of June 22, 2011 and May 31, 2012 are modified.
All other relief not specifically granted or denied is deemed denied.