Judgment, Supreme Court, New York County (Marilyn T. Sugarman, Special Ref.), entered August 24, 2011, dissolving the parties’ marriage and, inter alia, ordering plaintiff to pay pendente lite maintenance arrears of $25,500 over a period of nine months after entry of judgment, awarding plaintiff $49,087.05 as and for a distributive award, to be paid by defendant over 18 months after entry of judgment, and denying counsel fee awards to both parties, unanimously modified, on *600 the law and the facts, to: (1) substitute the sum of $31,750 for the amount of maintenance arrears; (2) substitute the sum of $9,137.23 for the distributive award to plaintiff; (3) order plaintiff to transfer half of his Partsearch shares to defendant, and otherwise affirmed, without costs. Appeal from order, same court and Special Referee, entered May 31, 2011, unanimously dismissed, without costs, as subsumed in the appeal from the judgment. Order, same court and Special Referee, entered April 26, 2012, which denied defendant’s posttrial motion, unanimously affirmed, without costs, insofar as it dismissed the motion on procedural grounds.
The court correctly determined that defendant was responsible for a portion of plaintiffs tax liability incurred during the marriage (see Capasso v Capasso, 129 AD2d 267 [1st Dept 1987], lv denied and dismissed 70 NY2d 988 [1988]). The court also providently exercised its discretion in finding that plaintiff’s payments for his mother’s care and for the mortgage on his mother’s house were not a waste of marital assets (see Mahoney-Buntzman v Buntzman, 12 NY3d 415, 420-421 [2009]; Azizo v Azizo, 51 AD3d 438 [1st Dept 2008]).
The court correctly found that plaintiffs interest in his business—CE Interactive—could not be distributed because the court-appointed forensic accountant found that the business had no value.
The court correctly found that defendant could not be awarded a portion of the appreciation in the value of the marital apartment, which was plaintiffs separate property, because defendant failed to demonstrate that the property in question increased in value (see Embury v Embury, 49 AD3d 802, 804 [2d Dept 2008]). Neither party submitted expert appraisals or testimony regarding the apartment (see Burgio v Burgio, 278 AD2d 767 [3d Dept 2000]).
However, defendant should have been awarded half of the mortgage payments made on the apartment with marital funds. Indeed, when marital funds are used to pay off separate liabilities or to increase the value of separate property, “a court has the authority to effectively recoup [such] marital funds . . . and to distribute such funds to the parties in accordance with Domestic Relations Law § 236 (B) (5) (c)” when equity warrants such recoupment (Micha v Micha, 213 AD2d 956, 957-958 [3d Dept 1995]; Carr v Carr, 291 AD2d 672 [3d Dept 2002]; Mahoney-Buntzman, 12 NY3d at 421). Accordingly, we have reduced plaintiffs distributive award by $38,829.42, which is equivalent to half the marital funds used to make mortgage payments on plaintiffs apartment during the marriage.
*601 At trial, defendant submitted evidence that she had incurred medical debt of $2,240.80 during the marriage. Accordingly, we have also reduced plaintiff’s distributive award by half that amount or $1,120.40.
The evidence also established that plaintiff had Partsearch stock options which he received prior to the marriage, and were thus separate property (see Wechsler v Wechsler, 58 AD3d 62, 78-79 [1st Dept 2008], appeal dismissed 12 NY3d 883 [2009]). Plaintiff exercised those options during the marriage. The evidence at trial showed that $98,268.80 was transferred into the parties’ joint checking account from an unknown source. Then, a check from the joint account was made payable to Partsearch in the amount of $99,656.25 to purchase those shares.
The evidence thus demonstrated that the stock shares were purchased using marital funds from the parties’ joint account. Plaintiff failed to demonstrate that the stock was not purchased with marital funds (see Popowich v Korman, 73 AD3d 515, 516 [1st Dept 2010]) or to overcome the presumption that monies commingled with marital funds are marital property (see Pullman v Pullman, 176 AD2d 113, 114 [1st Dept 1991]).
Plaintiff also failed to provide the court-appointed forensic expert with sufficient information to value his stock options at the time of the marriage or the present value of the Partsearch shares, and thus plaintiff cannot be credited in the amount of the value as of the date of the marriage of his right to acquire the shares of stock (see Wechsler v Wechsler, 58 AD3d at 78-79). Nor can the value of the shares be distributed since the same is unknown. In such circumstances, it is necessary and appropriate to resolve the issue by ordering an in-kind distribution of the shares, and we have modified the judgment accordingly.
The trial court providently exercised its discretion in denying maintenance. “[I]t is well settled that the amount and duration of maintenance is a matter committed to the sound discretion of the trial court, and every case must be determined on its own unique facts” (Wortman v Wortman, 11 AD3d 604, 606 [2004]). Defendant was awarded pendente lite maintenance for longer than the length of this short marriage. She was also only 44 years old and was capable of becoming gainfully employed.
However, the court improperly calculated the amount of maintenance arrears. The evidence was that plaintiff failed to pay 17 months of temporary maintenance (eight months between October 2010 and May 2011, and nine months prior to October 2010). The amount of temporary maintenance was $2,250 per month and plaintiff made a payment of $6,500 in September 2010 towards his arrears. Thus, the correct amount of the arrears is $31,750.
*602 The court providently exercised its discretion in denying defendant an award of counsel fees (see Azizo, 51 AD3d at 440-441). The court found that both parties had engaged in dilatory tactics and had caused the large expenditure of counsel fees. The court also providently exercised its discretion in denying defendant’s request for sanctions (see Tag 380, LLC v Ronson, 51 AD3d 471 [1st Dept 2008]).
The court properly denied defendant’s second posttrial motion as improper pursuant to CPLR 4406. In addition, the motion was improper because it was brought more than 15 days after the trial (see CPLR 4405).
We have considered defendant’s remaining contentions and find them unavailing. Concur—Tom, J.P., Sweeny, Renwick, Abdus-Salaam and Manzanet-Daniels, JJ.