Steinberg v Steinberg (2021 NY Slip Op 03272)





Steinberg v Steinberg


2021 NY Slip Op 03272


Decided on May 20, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 20, 2021

Before: Acosta, P.J., Webber, Kennedy, Shulman, JJ. 


Index No. 305617/18 Appeal No. 13873 Case No. 2020-02954 

[*1]Steinberg, Plaintiff-Respondent,
v
Steinberg, Defendant-Appellant.


Cohen Clair Lans Greifer Thorpe & Rottensreich LLP, New York (Jad Greifer of counsel), for appellant.
Aaronson Mayefsky & Sloan, LLP, New York (David Aronson of counsel), for respondent.



Order, Supreme Court, New York County (Michael L. Katz, J.), entered January 6, 2020, which denied defendant's motion for a pendente lite award of unallocated tax-free support and an interim counsel fee award, unanimously affirmed, without costs.
The motion court correctly determined that defendant failed to show exigent circumstances that would warrant disturbing the pendente lite award (see Torres v Torres, 171 AD3d 613 [1st Dept 2019]). Defendant made no showing that he is unable to meet his financial obligations. As noted by the motion court, defendant has substantial liquid assets under his control and the proven ability to earn significant income. Plaintiff already bears the family's expenses of more than $200,000 per month. Moreover, contrary to defendant's contention, plaintiff's payment of those expenses has enabled the continuation of much of the marital standard of living without any attendant adverse economic effects upon the four children. The record indicates that defendant continues to live, at no cost, in the marital residences during his parenting time under the parties' nesting custodial arrangement, has a separate Manhattan rental apartment fully paid for by plaintiff, has no obligations as to the children's major expenses, and is responsible only for his own discretionary expenses and incidental child-related expenses that arise during his parenting time.
The motion court's denial of defendant's motion for an unallocated support award, to the extent such an award would constitute interim spousal maintenance is supported by the parties' most recent 2017 federal tax return before the court, which reflects that defendant's income exceeded plaintiff's (see Domestic Relations Law § 236[B][5-1][1], [2]). Defendant's arguments regarding the accuracy of plaintiff's reported income are unavailing, as he failed to show that he raised any concerns prior to the filing of the return.
Defendant's argument that it was inappropriate for the court to "require" him to "spend down his finite assets in furtherance of the support of his children, his own support, or his own professional fee expenses," is without merit. Defendant failed to demonstrate that his assets are indeed "finite." The record reflects defendant's ability to earn significant sums (the 2017 tax return shows that he earned more than $3.4 million that year), and suggests no reason that he will not be able to do so again (cf. Charpie v Charpie, 271 AD2d 169, 172-173 [1st Dept 2000] [wife with "finite" assets had relinquished her medical practice in Switzerland to move to the U.S. with her husband, and, after staying home to raise the parties' children, was working at a not-for-profit music school, earning $24,000 a year]; Azizo v Azizo, 51 AD3d 438, 439 [1st Dept 2008] [wife had not attended college or worked outside of the home for most of the marriage]). Defendant, who was 33 at the time of the commencement of this action, has an MBA from Stanford and proven experience [*2]in investment management.
Defendant failed to demonstrate that the court improvidently exercised its discretion in denying him interim counsel fees, given the assets available to him (see Kerzner v Kerzner, 281 AD2d 215 [1st Dept 2001]).
We have considered defendant's remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 20, 2021