Maitland v Maitland (2023 NY Slip Op 05127)

Maitland v Maitland

2023 NY Slip Op 05127

Decided on October 11, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 11, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ROBERT J. MILLER
LARA J. GENOVESI
LILLIAN WAN, JJ.

2021-00644 
2021-02896
 (Index No. 724404/20)

[*1]Delroy Maitland, appellant,
v
Gwendolyn Maitland, respondent.

Lipsky Bresky & Lowe LLP, Garden City, NY (Wendy L. Lipsky of counsel), for appellant.

DECISION & ORDER
In a matrimonial action in which the parties were divorced by judgment entered December 2, 2019, the plaintiff appeals from (1) an order of the Supreme Court, Queens County (Margaret Parisi McGowan, J.), dated November 16, 2020, and (2) an order of the same court entered March 30, 2021. The order dated November 16, 2020, insofar as appealed from, in effect, denied those branches of the plaintiff's motion which were to enforce the provisions of the judgment of divorce relating to the sale of real properties located on 220th Place and 230th Place in Queens, and the distribution of rental income from those properties and the proceeds of the sales, for the entry of a money judgment in the sums of $44,093.28 and $210, representing, respectively, 50% of the balance of the defendant's Capital One bank account as of the date of the commencement of the action and 50% of the costs of the appraisal of real property located in Manchester, Jamaica, and for an award of attorney's fees, and, upon, in effect, granting that branch of the plaintiff's motion which was to hold the defendant in contempt for failing to provide an accounting of income and expenses on the 220th Place and 230th Place properties, sua sponte, directed that in the event the defendant failed to serve and file an accounting within 30 days, the defendant would be appointed as receiver of the 230th Place property and the plaintiff would be appointed as receiver of the 220th Place property. The order entered March 30, 2021, insofar as appealed from, in effect, (1) granted that branch of the defendant's motion which was, in effect, for leave to reargue her opposition to that branch of the plaintiff's prior motion which was to hold her in contempt for failing to provide an accounting to the extent of vacating the determination in the order dated November 16, 2020, which, sua sponte, directed that in the event the defendant failed to serve and file an accounting within 30 days, the defendant would be appointed as receiver of the 230th Place property and the plaintiff would be appointed as receiver of the 220th Place property, and, thereupon, directing that the plaintiff be appointed as receiver of the 230th Place property and the defendant be appointed as receiver of the 220th Place property, and (2) denied the plaintiff's motion for leave to renew and reargue those branches of his prior motion which were to enforce the provisions of the judgment of divorce relating to the sale of real properties located on 220th Place and 230th Place in Queens, and the distribution of rental income from those properties and the proceeds of the sales, for the entry of a money judgment in the sums of $44,093.28 and $210, and for an award of attorney's fees.
ORDERED that the notice of appeal from so much of the order dated November 16, 2020, as, sua sponte, directed that in the event the defendant failed to serve and file an accounting within 30 days, the defendant would be appointed as receiver of the 230th Place property and the [*2]plaintiff would be appointed as receiver of the 220th Place property is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal from that portion of the order is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order dated November 16, 2020, is reversed insofar as appealed from, on the law, those branches of the plaintiff's motion which were to enforce the provisions of the judgment of divorce relating to the sale of real properties located on 220th Place and 230th Place in Queens, and the distribution of rental income from those properties and the proceeds of the sales, for the entry of a money judgment in the sums of $44,093.28 and $210, and for an award of attorney's fees are granted, so much of the order entered March 30, 2021, as, in effect, granted that branch of the defendant's motion which was, in effect, for leave to reargue her opposition to that branch of the plaintiff's prior motion which was to hold her in contempt for failing to provide an accounting to the extent of vacating the determination in the order dated November 16, 2020, which, sua sponte, directed that in the event the defendant failed to serve and file an accounting within 30 days, the defendant would be appointed as receiver of the 230th Place property and the plaintiff would be appointed as receiver of the 220th Place property, and, thereupon, directing that the plaintiff be appointed as receiver of the 230th Place property and the defendant be appointed as receiver of the 220th Place property is vacated, and the matter is remitted to the Supreme Court, Queens County, for further proceedings consistent herewith, including the appointment of an independent receiver to sell the subject properties pursuant to the terms of the judgment of divorce, the entry of a money judgment in favor of the plaintiff and against the defendant in the sums of $44,093.28 and $210, and for a hearing and determination as to the appropriate amount of attorney's fees incurred by the plaintiff in bringing these motions; and it is further,
ORDERED that the appeal from so much of the order entered March 30, 2021, as, in effect, denied that branch of the plaintiff's motion which was for leave to reargue those branches of his prior motion which were to enforce the provisions of the judgment of divorce relating to the sale of real properties located on 220th Place and 230th Place in Queens, and the distribution of rental income from those properties and the proceeds of the sales, for the entry of a money judgment in the sums of $44,093.28 and $210, and for an award of attorney's fees is dismissed, as no appeal lies from an order denying reargument; and it is further,
ORDERED that the appeal from so much of the order entered March 30, 2021, as, in effect, (1) granted that branch of the defendant's motion which was, in effect, for leave to reargue her opposition to that branch of the plaintiff's prior motion which was to hold her in contempt for failing to provide an accounting to the extent of vacating the determination in the order dated November 16, 2020, which, sua sponte, directed that in the event the defendant failed to serve and file an accounting within 30 days, the defendant would be appointed as receiver of the 230th Place property and the plaintiff would be appointed as receiver of the 220th Place property, and, thereupon, directing that the plaintiff be appointed as receiver of the 230th Place property and the defendant be appointed as receiver of the 220th Place property, and (2) denied that branch of the plaintiff's motion which was for leave to renew those branches of his prior motion which were to enforce the provisions of the judgment of divorce relating to the sale of real properties located on 220th Place and 230th Place in Queens, and the distribution of rental income from those properties and the proceeds of the sales, for the entry of a money judgment in the sums of $44,093.28 and $210, and for an award of attorney's fees is dismissed as academic in light of our determination on the appeal from the order dated November 16, 2020; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The parties' judgment of divorce, entered December 2, 2019, decreed that two properties, located on 220th Place and 230th Place in Queens, respectively, and the rental income associated with those properties collected by the defendant were marital property subject to equitable distribution. According to the judgment, the parties were to cooperate to effectuate the sale of the subject properties, execute all documents necessary to effectuate the sales, and divide the net proceeds of the sales equally. The rental income associated with the properties, calculated from the date of the commencement of the action, was to be equally divided between the parties. Also [*3]pursuant to the judgment, the defendant was to pay the plaintiff the sum of $210, representing one-half of the costs of the appraisal of real property located in Manchester, Jamaica, and the sum of $44,093.28 representing 50% of the balance of the defendant's Capital One bank account as of the date of the commencement of the action.
The defendant failed to cooperate to effectuate the sale of the properties or pay the plaintiff the money he was entitled to pursuant to the judgment. In February 2020, the plaintiff moved, inter alia, to enforce the provisions of the judgment of divorce relating to the sale of the subject properties and the distribution of rental income from those properties and the proceeds of the sales, and for an award of attorney's fees. In an order dated November 16, 2020, the Supreme Court, inter alia, in effect, determined that the defendant was in contempt of court for failing to comply with a post-judgment order dated June 2, 2020, directing the parties to list the subject properties for sale with a realtor and requiring the defendant to serve and file an accounting of the rent collected, taxes paid, and other income or expenses on both properties from August 10, 2015, to date. The court further held that if the defendant failed to purge her contempt by serving and filing an accounting within 30 days, she would be appointed as receiver of the 230th Place property and the plaintiff would be appointed the receiver of the 220th Place property. The plaintiff then moved for leave to renew and reargue his motion, and the court, in effect, denied his motion. In addition, the court, in effect, granted that branch of the defendant's motion which was, in effect, for leave to reargue her opposition to that branch of the plaintiff's prior motion which was to hold her in contempt for failing to provide an accounting to the extent of directing that the plaintiff be appointed as receiver of the 230th Place property and the defendant be appointed as receiver of the 220th Place property.
The Supreme Court erred in, in effect, denying that branch of the plaintiff's motion which was to enforce the provision of the judgment of divorce relating to the sale of the subject properties and the distribution of the proceeds of the sales, and in, sua sponte, directing that each party be appointed as a receiver of one of the properties. The judgment required the parties to cooperate in their joint efforts to effect a sale of the properties at issue, and execute any and all documents necessary to effectuate the sales. Upon the sale of the properties, the net proceeds of the sales were to be divided equally between the parties. Accordingly, as the defendant failed to cooperate in the sale of the properties, the court should have appointed an independent receiver to effectuate the sales pursuant to the judgment of divorce (see e.g. Kelly v Kelly, 165 AD3d 771; Martinucci v Martinucci, 288 AD2d 444).
Further, the judgment of divorce directed that the amount of rental income the defendant collected from the properties was to be determined in an accounting, and the Supreme Court ordered the defendant to provide an accounting in a subsequent, post-judgment order. Since the defendant has thus far failed to provide such an accounting, the defendant's share of the proceeds from the sale of the subject properties should remain in escrow until the defendant provides an accounting of the rent she has collected since the commencement of this action and the plaintiff collects his share of the rental income from the sales proceeds pursuant to the judgment of divorce.
Also, since the defendant defaulted on her obligation to pay the plaintiff the sums of $210 and $44,093.28 as required by the judgment of divorce, pursuant to the terms of the judgment of divorce, the plaintiff is entitled to a money judgment against the defendant reflecting these amounts.
The Supreme Court also erred in, in effect, denying that branch of the plaintiff's motion which was for an award of attorney's fees. In any action or proceeding to enforce any provision of a judgment or order entered in an action for a divorce, the court may, in its discretion, require that either party pay attorney's fees "to enable the other party to carry on or defend the action or proceeding as, in the court's discretion, justice requires having regard [for] the circumstances of the case and of the respective parties. There shall be a rebuttable presumption that counsel fees shall be awarded to the less monied spouse" (Domestic Relations Law § 238; see § 237[b]; Maddaloni v Maddaloni, 163 AD3d 794). "In determining whether an award of counsel fees is appropriate, the court must consider the equities and circumstances of each particular case, the relative merit of the parties' contentions and their respective financial positions" (Boukas v Boukas, 163 AD3d 755, 756; [*4]see Mons Pinto v Pinto, 151 AD3d 715). Here, the plaintiff was entitled to reasonable attorney's fees in connection with this matter, as the defendant's conduct caused him to incur attorney's fees for bringing these motions to enforce the judgment of divorce (see Boukas v Boukas, 163 AD3d at 756). Nevertheless, the parties did not stipulate that an award of attorney's fees could be decided solely on the basis of the parties' submissions, and thus, the plaintiff is entitled to an evidentiary hearing on the issue (see Potvin v Potvin, 193 AD3d 995, 999; O'Connor v O'Connor, 89 AD3d 703, 704).
Accordingly, we remit the matter to the Supreme Court, Queens County, for further proceedings consistent herewith, including the appointment of an independent receiver to sell the subject properties pursuant to the terms of the judgment of divorce, the entry of a money judgment in favor of the plaintiff and against the defendant in the sums of $44,093.28 and $210, and for a hearing and determination as to the appropriate amount of attorney's fees incurred by the plaintiff in bringing these motions.
BARROS, J.P., MILLER, GENOVESI and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court