Militana v DeMartino

2026 NY Slip Op 02262

April 15, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Angela Militana, respondent,

v

Thomas DeMartino, appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 15, 2026

2021-06555, 2021-06557, (Index No. 201376/13)

Cheryl E. Chambers, J.P.

Deborah A. Dowling

Lillian Wan

Lourdes M. Ventura, JJ.

J. Douglas Barics, Commack, NY, for appellant.

Angela Militana, Port Washington, NY, respondent pro se.

[*1]

DECISION & ORDER

In an action for a divorce and ancillary relief, the defendant appeals from (1) a judgment of divorce of the Supreme Court, Nassau County (Hope Schwartz Zimmerman, J.), entered June 22, 2018, and (2) a qualified domestic relations order of the same court dated May 29, 2019. The judgment of divorce, insofar as appealed from, upon a decision and order (one paper) of the same court dated March 12, 2018, granting the plaintiff's application, in effect, to vacate so much of a so-ordered stipulation of settlement dated March 2, 2017, as related to the defendant's child support obligation, directed the defendant to pay child support in the amount of $3,125 per month until the parties' younger child reaches 21 years of age, awarded the plaintiff attorneys' fees in the sum of $80,000, and equitably distributed a particular annuity. The qualified domestic relations order directed the distribution of the annuity.

ORDERED that the appeal from the qualified domestic relations order is dismissed, as no appeal lies as of right from a qualified domestic relations order (see Dunn v Dunn, 78 AD3d 649; Bernstein v Bernstein, 18 AD3d 683), and leave to appeal has not been granted; and it is further,

ORDERED that the judgment of divorce is modified, on the law and the facts, (1) by deleting the provision thereof directing the defendant to pay child support in the amount of $3,125 per month until the parties' younger child reaches 21 years of age, and substituting therefor a provision directing the defendant to pay child support in the amount of $3,125 per month until the parties' older child reaches 21 years of age and thereafter to pay child support in the amount of $2,125 per month until the parties' younger child reaches 21 years of age, and (2) by deleting the provision thereof awarding the plaintiff attorneys' fees in the sum of $80,000; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings consistent herewith, and for entry of an appropriate amended judgment of divorce thereafter.

The parties were married in 2005 and have two children together, one born on September 27, 2006, and the other on January 6, 2011. In 2013, the plaintiff commenced this action for a divorce and ancillary relief. By so-ordered stipulation dated March 2, 2017, the parties agreed, inter alia, that the plaintiff would have sole physical custody of the parties' children. The parties further agreed that the defendant's annual income was $80,000, that the plaintiff earned no income [*2]for purposes of calculating the defendant's child support obligation, and that the defendant was obligated to pay child support in the amount of $1,488.18 per month. In addition, the parties agreed that all other issues not referenced in the stipulation were to be decided by the Supreme Court based upon written submissions.

Thereafter, the parties filed written submissions with the Supreme Court. In her submission, the plaintiff, who asserted that the defendant had not been forthright about his finances, in effect, sought to vacate so much of the stipulation as related to the defendant's child support obligation and contended that the defendant should be obligated to pay child support in a higher amount. In a decision and order dated March 12, 2018, the court, among other things, granted the plaintiff's application, imputed an annual income of $150,000 to the defendant for purposes of calculating child support, and, based on his imputed income, directed the defendant to pay child support in the amount of $3,125 per month until the parties' younger child reaches 21 years of age. In addition, the court awarded the plaintiff 100% of a particular annuity held in the defendant's name and awarded the plaintiff attorneys' fees in the sum of $80,000. A judgment of divorce was entered upon the decision and order. The defendant appeals.

Contrary to the defendant's contention, the Supreme Court's discretionary determination to impute an annual income of $150,000 to the defendant for the purposes of calculating child support is supported by the record (see Qazi v Qazi, 220 AD3d 660, 661). However, upon calculating the defendant's child support obligation, the court should not have directed the defendant to pay child support in the amount of $3,125 per month until the parties' younger child reaches 21 years of age. Rather, the court should have directed the defendant to pay that amount until the parties' older child reaches 21 years of age and thereafter to pay child support in the amount of $2,125 per month until the parties' younger child reaches 21 years of age (see Domestic Relations Law § 240[1-b][b][3][i], [ii]; Castello v Castello, 144 AD3d 723; Azizo v Azizo, 51 AD3d 438; Rubinstein v Rubinstein, 155 AD2d 522).

"The award of reasonable attorney's fees is a matter in the court's sound discretion, and the court may consider, inter alia, a party's tactics that unnecessarily prolonged the litigation" (Forman v Forman, 211 AD3d 698, 701; see Tenaglia v Tenaglia, 134 AD3d 801). "Where a party has asserted unreasonable positions or failed to cooperate in discovery, and thereby increased the cost of the litigation, the court may make a counsel fee award in favor of the offended party or not make, or make a lesser award, in favor of the offending party" (Kaufman v Kaufman, 189 AD3d 31, 75). Here, the Supreme Court providently exercised its discretion in awarding the plaintiff attorneys' fees. However, as the plaintiff's submissions were insufficient for the court to properly determine the amount of attorneys' fees that should be awarded, the matter must be remitted to the Supreme Court, Nassau County, for the parties to file new submissions concerning the amount of attorneys' fees to which the plaintiff is entitled, to be followed by a new determination of that issue and the entry of an appropriate amended judgment of divorce thereafter (see Maitland v Maitland, 220 AD3d 762, 767).

The defendant's remaining contentions are without merit.

CHAMBERS, J.P., DOWLING, WAN and VENTURA, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court