■ In the Matter of ANGELINA TERRIS, Appellant, v STEVE TERRIS, Respondent. — In a proceeding to enforce so much of a divorce judgment as ordered the respondent to pay alimony to petitioner, petitioner appeals, as limited by her brief, from so much of an order of the Family Court, Queens County (Corrado, J.), dated February 25, 1981, as granted the respondent's cross petition to the extent of reducing his alimony obligation from $100 per month to $50 per month. Order reversed insofar as appealed from, without costs or disbursements, and matter remitted to the Family Court for further proceedings consistent herewith. The reduction in alimony was based solely upon the hearing court's conclusion that the respondent had incurred substantial unanticipated medical expenses after the divorce. However, the respondent did not establish by competent evidence the extent that those expenses would not be defrayed by insurance or by other means. Moreover, the record does not reflect what consideration, if any, was given by the court to the fact that it was not only the petitioner who received income from the sale of the marital residence. Accordingly, under all the circumstances of this case, including the fact that the respondent, as well as the petitioner, appeared *pro se* at the hearing, there should be a new hearing, which should be held forthwith. The matters that should be inquired into at the hearing include the amount of the respondent's medical bills which may not be defrayed by insurance or other means, the amount and expected duration of the monthly payments that the respondent now claims that he is making to his doctors, the amount of money which respondent received upon the sale of the marital residence, and the manner in which respondent has expended and intends to expend that money. Margett, J. P., O'Connor, Weinstein and Bracken, JJ., concur.