■ RITA WALLACH, Respondent-Appellant, v EUGENE WALLACH, Appellant-Respondent. [612 NYS2d 33] —Judgment, Supreme Court, New York County (Elliott Wilk, J.), entered July 9, 1993, which, following a trial, distributed the parties' marital and separate property, including assets and liabilities, modified, on the law and the facts, to the extent of awarding plaintiff 75 percent of the proceeds of the sale of Edmunton Gardens Businesses and awarding defendant 25 percent thereof, and to the extent of awarding defendant an additional distribution of marital property in the amount of $133,475, with interest from the date of decision to the entry of judgment, and remanding the matter for resettlement, and otherwise affirmed, without costs.

The trial court correctly determined that the 50 percent interest in Edmunton Gardens Businesses that plaintiff had acquired from her mother by gift and inheritance was separate property and that only the 50 percent share purchased in 1978 from plaintiff's brother was marital property. However, the portion of the interest in Edmunton Gardens that was marital property should simply have been apportioned on a 50-50 basis. Although it is true that, beginning in 1978, defendant took an active, if limited, role in managing the property, the evidence demonstrates that the appreciation in the value of the property was generally the result of market forces and not, as defendant claims, his personal efforts or superior managerial skills. It is settled that where appreciation is due to inflation or other market forces, the appreciation remains separate property (*Elmaleh v Elmaleh*, 184 AD2d 544, 545-546). Whatever value defendant might have contributed to the business was more than compensated by the distribution of profits that he received, and, in any event, there is evidence that some of his actions and business decisions were less than beneficial to the business. Consequently, the proceeds of the sale of Edmunton Gardens should have been distributed in accordance with the interests of the par-

ties therein, 75 percent to plaintiff and 25 percent to defendant.

The additional distribution to defendant in the amount of $133,475 is based upon plaintiff's concession that the trial court failed to distribute certain marital property, consisting of jewelry and other personalty, remaining in plaintiff's possession. The award represents 50 percent of the value of that property.

We have examined the remainder of the court's distribution of the marital property and deem it to be equitable and, therefore, not inappropriate even if the parties may not have received an exactly 50-50 division of the marital property. The judgment, however, should provide for interest from the date of the decision to the entry of judgment pursuant to CPLR 5002. Concur—Rosenberger, J. P., Kupferman, Asch, Nardelli and Williams, JJ.

Kupferman, J., concurs in part and dissents in part in a memorandum as follows: In the main, I would affirm for the reasons stated by Elliott Wilk, J.

However, with respect to the plaintiff's concession, I concur with the majority and also with respect to the question of interest from the date of decision to the entry of judgment.