■ GAIL TERICO, Respondent, v JOSEPH C. TERICO, Appellant. [634 NYS2d 121] —Order, Supreme Court, New York County (Lorraine Backal, J.), entered April 14, 1994, which, in an action for divorce, decided the various issues outstanding between the parties and directed that a judgment be settled, is deemed an appeal from the ensuing judgment, same court and Justice, entered June 2, 1994, *inter alia,* distributing the parties' marital property, and, so considered, the judgment is unanimously affirmed, without costs.

We deem the appeal taken from the order to have been taken from the judgment (CPLR 5512 [a]; 5520 [c]; *see, Furio v Palm Beach Club,* 204 AD2d 1053; *E.B.A. Wholesale Corp. v S. B. Mech. Corp.,* 127 AD2d 737). The court properly declined to apply the estimated sale price method of valuation to defendant's business where the bona fide nature of the sale was questionable (*cf., Rosenberg v Rosenberg,* 126 AD2d 537, 539, *lv denied* 70 NY2d 601). While the court's valuation of the business is different from those offered by the parties, it is supported by the record (*see, Cohn v Cohn,* 155 AD2d 412; *Hillmann v Hillmann,* 109 AD2d 777). The 50% share in the business given to plaintiff was equitable in view of her indirect contributions as a homemaker and parent (*see, Morton v Morton,* 130 AD2d 558, 560), as well as the unpaid work she performed for the business. Indeed, the distribution, viewed as a whole, reflects the individual needs and circumstances of the parties and is otherwise equitable. We have considered defendant's other arguments and find them to be without merit. Concur—Sullivan, J. P., Ellerin, Wallach, Rubin and Mazzarelli, JJ.