■ ANONYMOUS, Respondent-Appellant, v ANONYMOUS, Appellant-Respondent. [636 NYS2d 12] —Judgment, Supreme Court, New York County (David Saxe, J.), entered August 4, 1994, which, *inter alia*, directed payment by defendant to plaintiff for equitable distribution, maintenance and child support, unanimously modified, on the law and the facts, to the extent of deleting from the principal amount of plaintiff's award $61,755.50 and awarding plaintiff interest pursuant to CPLR 5002 upon the principal amount, and otherwise affirmed, without costs.

While the penthouse portion of the matrimonial apartment was defendant's separate property (Domestic Relations Law § 236 [B] [1] [d]), the court properly awarded plaintiff 50% of its appreciation on the basis of her direct efforts and indirect contributions as spouse, homemaker and caretaker of the children (*see, Price v Price*, 69 NY2d 8; *Hartog v Hartog*, 85 NY2d 36, 46).

The court also properly utilized the death benefit fiction in valuing defendant's partnership interest in his law firm (*see, Harmon v Harmon*, 173 AD2d 98) and properly valued and distributed to plaintiff 50% of the appreciation of defendant's interest therein as marital property.

As there was no dispute that capital gains tax was payable on the sale of the parties' New Jersey property, the court erred in failing to divide such tax liability equally and charge

plaintiff with half the capital gains tax, amounting to $61,775.50 (see, Hartog v Hartog, supra, at 52).

The court properly accepted defendant's accountant's unrefuted evidence of the segregation of defendant's Special Account and the assets and investments acquired therefrom and thus properly deemed said monies to be separate property (Domestic Relations Law § 236 [B] [1] [d] [4]). As defendant failed to provide a basis for calculation of possible capital calls attributable to the parties' marital tax shelter investments, the court properly refused to hold plaintiff responsible therefor (see, Greenwald v Greenwald, 164 AD2d 706, 719-720, lv denied 78 NY2d 855).

The court set an appropriate sum as maintenance after considering the statutory factors (Domestic Relations Law § 236 [B] [6]) and properly granted maintenance for a six-year period to enable plaintiff " ' "a reasonable period of time * * * to * * * update [her] work skills and to enter the employment market with a view to becoming self-supporting" ' " (Harmon v Harmon, supra, at 109, quoting Sperling v Sperling, 165 AD2d 338, 343, quoting Neumark v Neumark, 120 AD2d 502, 504). As the combined parental incomes exceeded $80,000, the court properly determined child support based on the children's " 'actual reasonable needs' " (Harmon v Harmon, supra, at 111; Domestic Relations Law § 240 [1-b]).

The judgment should have provided for interest from the date of the decision to the entry of judgment (CPLR 5002; see, Wallach v Wallach, 204 AD2d 211, 212). We have considered the parties' remaining arguments for affirmative relief and find them to be without merit. Concur—Murphy, P. J., Rosenberger, Ross, Nardelli and Mazzarelli, JJ.