■ In the Matter of PATRICIA A. ABAMONTE, Appellant, v JOSEPH T. CLEARY, Respondent. [766 NYS2d 123] —In a child support proceeding pursuant to Family Court Act article 4, the mother appeals from (1) an order of the Family Court, Suffolk County (Buse, H.E.), entered September 6, 2002, which, after a hearing, inter alia, denied her petition to compel the father to pay one-half of the summer day camp expenses of the parties' child and directed her to obtain health insurance for that child under a policy provided by her employer pursuant to Family Court Act § 416, and (2) an order of the same court (Trainor, J.), entered October 21, 2002, which denied her objections to the aforementioned portions of the order entered September 6, 2002.

Ordered that the appeal from the order entered September 6, 2002, is dismissed, as that order was superseded by the order entered October 21, 2002; and it is further,

Ordered that the order entered October 21, 2002, is modified by deleting the provision thereof denying the objection to the portion of the order entered September 6, 2002, which directed the mother to obtain health insurance for the parties' child under a policy provided by her employer and substituting therefor a provision sustaining that objection; as so modified, the order entered October 21, 2002, is affirmed, without costs or disbursements, and so much of the order entered September 6, 2002, as directed the mother to obtain health insurance for

the parties' child under a policy provided by her employer is vacated.

It is undisputed that the parties' child is covered under the father's policy of insurance provided by his employer. At the hearing held on July 9, 2002, neither the mother nor the father sought an order directing the mother to also obtain health insurance for the child under a policy provided by her employer, nor did either party present any evidence as to the terms of the health insurance policies provided by the parties' employers, or whether those policies were complementary (*see* Family Ct Act § 416). Under these circumstances, it was an improvident exercise of discretion to direct the mother to also obtain health insurance for the child under the policy provided by her employer (*see Matter of Terris v Terris,* 84 AD2d 844 [1981]).

The mother's remaining contentions are without merit. Ritter, J.P., Florio, S. Miller and Luciano, JJ., concur.