■ MELISSA J. FREY, Respondent-Appellant, v FREDERICK R. FREY, JR., Appellant-Respondent. [892 NYS2d 159]—

Under the circumstances of this case, where the parties, for the most part, maintained separate finances, and determined from the start of the marriage to file separate tax returns, the trial court providently exercised its discretion in directing that the defendant, who failed to file tax returns throughout the duration of the marriage, bear the responsibility for paying income taxes, interest, and penalties (*see Costello v Costello*, 304 AD2d 517, 519 [2003]; *Fiedler v Fiedler*, 230 AD2d 822, 823 [1996]; *cf. Conway v Conway*, 29 AD3d 725 [2006]; *LaBarre v LaBarre*, 251 AD2d 1008, 1009 [1998]; *Capasso v Capasso*, 129 AD2d 267, 290-293 [1987]). The plaintiff had no role whatsoever in the operation of the defendant's business, and she did not learn that he failed to file tax returns until after she commenced the instant action. The husband's conduct constituted economic fault, justifying the trial court's determination (*see Kaur v Singh*, 44 AD3d 622, 623 [2007]; *Blickstein v Blickstein*, 99 AD2d 287, 293 [1984]).

The defendant failed to overcome the presumption that property he contends constitutes separate property, which was acquired during the marriage, was marital property (*see Embury v Embury*, 49 AD3d 802, 804 [2008]; *Palumbo v Palumbo*, 10 AD3d 680, 681-682 [2004]; *Solomon v Solomon*, 307 AD2d 558, 559 [2003]; *Heine v Heine*, 176 AD2d 77, 83 [1992]). In addition, the Supreme Court providently exercised its discretion, after examining the circumstances of the case and the pertinent statutory factors, in distributing the value of the marital home, the plaintiff's pension, and the plaintiff's investments, equally

between the parties (*see* Domestic Relations Law § 236 [B] [5] [d]; *Smith v Smith*, 8 AD3d 728, 729 [2004]).

However, the Supreme Court erred in awarding the plaintiff the sum of $8,800 representing her 20% share of the value of the defendant's business. Under the circumstances of this case, in order that the parties' property be equitably distributed to achieve the ultimate goal of fairness (*see Coffey v Coffey*, 119 AD2d 620, 622 [1986]), the award to the plaintiff of 20% of the value of the defendant's business, which was separate property, was not warranted.

The Supreme Court correctly denied the plaintiff's request for an attorney's fee (*see Chi-Yuan Hwang v Hwang*, 308 AD2d 560, 561 [2003]).

The defendant's remaining contentions are without merit. Skelos, J.P., Eng, Leventhal and Chambers, JJ., concur.