■ DANY MOYAL, Respondent-Appellant, v MARC MOYAL, Appellant-Respondent. [927 NYS2d 19]—

Judgment, Supreme Court, New York County (Marilyn B. Dershowitz, Special Ref.), entered January 6, 2010, valuing and including certain marital assets in the distributive award, awarding plaintiff wife maintenance, counsel fees and expert fees, and holding the wife liable for 50% of the parties' tax liability, unanimously modified, on the law and in the exercise of discretion, to the extent of vacating the valuations of Marcotex and of the parties' condominium in Israel and remanding for a determination of their values, including defendant husband's loan receivable in the marital estate, awarding the husband a credit against the distributive award in the amount of $182,382 for payments he made during the pendency of the action, and awarding the wife post-decision interest on the distributive award, and otherwise affirmed, without costs. Appeals from orders, same court and Special Referee, entered August 25, 2009 and October 13, 2009, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

While "[t]here is no uniform rule for fixing the value of a business for the purpose of equitable distribution" (*Wasserman v Wasserman*, 66 AD3d 880, 882 [2009]), the Special Referee did not sufficiently explain her basic concurrence in the valuation of the husband's business by the wife's appraiser (*see Capasso v Capasso*, 119 AD2d 268, 272 [1986]) despite the numerous recognized flaws in his report, including, among other things,

the insufficient examination and murky explanation of its accounts receivable, the unclear rationale for the particular earnings multiple chosen, the inadequate explanation for the application of a gross profit margin, unsubstantiated assumptions regarding personal use of business credit cards and the consideration of industry trends without adequate basis. The husband's $1.2 million loan receivable should have been included as part of the marital estate, since he did not carry his burden to show that he did not use marital funds to make the loan (*see Sagarin v Sagarin*, 251 AD2d 396 [1998]). We note, however, that our determination with respect to this receivable, owed to the husband on account of his business, is without prejudice to any arguments the parties may make concerning the effect of the debt on the value of the business. In light of a substantially higher offer and appraisals, it was an improvident exercise of discretion to value the parties' condominium in Israel based on the price of the husband's sale to a childhood friend in a transaction that was not documented in any way (*see Terico v Terico*, 222 AD2d 219 [1995]), the proceeds of which were reduced by the amount of an undocumented loan the husband claimed to have made to the friend. The wife is entitled to post-decision interest on the distributive award, which is mandatory (*see* CPLR 5002; *Wallach v Wallach*, 204 AD2d 211, 212 [1994]).

The wife failed to prove the value of the husband's interests in Merryson and Royal Textiles (*see Davis v Davis*, 128 AD2d 470, 476 [1987]) or rebut his testimony regarding the depressed state and lack of value of these businesses at the time of trial. The marital apartment was properly valued based on the factual testimony of an experienced broker with knowledge of prices in the same building (*see Matter of Semple School for Girls v Boyland*, 308 NY 382, 388 [1955]). The duration and amount of maintenance awarded, to a wife in her 50s in a long-term marriage, who lacked business experience or a degree and had not been in the work force for years while raising children, was properly based on the relevant factors and evidence (*see Naimollah v De Ugarte*, 18 AD3d 268, 271 [2005]). The wife was properly assessed 50% of the parties' tax liability for under-reporting income. She clearly benefitted from the use of the funds and the circumstances of this case are unlike those involving a failure to file returns with an innocent spouse not on notice of any wrongdoing (*cf. Frey v Frey*, 68 AD3d 1052 [2009]; *Costello v Costello*, 304 AD2d 517, 519 [2003]).

The Special Referee clearly and reasonably linked the award of $5,000 in maintenance for 15 years to the distributive award and we reject the husband's claim that he is entitled to a credit

against the award because the monthly pendente lite maintenance exceeded the amount ultimately awarded (*see Wechsler v Wechsler*, 58 AD3d 62, 84 [2008], *appeal dismissed* 12 NY3d 883 [2009]). We agree with the husband's claim that he is entitled to such a credit for payments he made during the pendency of the action relating to the marital real estate (i.e., mortgage, maintenance, and real estate taxes) and for tax counsel and accountant fees (*Johnson v Chapin*, 49 AD3d 348, 360 [2008], *mod* 12 NY3d 461 [2009]). The wife argues that no such credit should be awarded because the husband agreed to make the payments pursuant to a stipulation which did not recite that he could seek a credit against any distributive award on account of the payments. Nor, of course, does the stipulation purport to disavow the right he otherwise would have to seek such a credit. This argument, which essentially asks us to hold that the husband thereby waived that right, is meritless. The stipulation is silent on the subject and we note that acceptance of the wife's argument would discourage parties in matrimonial actions from voluntarily entering into such stipulations.

In a thoughtful, written opinion, the Special Referee awarded the wife an additional $65,000 in counsel fees, substantially less than the total amount requested ($161,972.50, an amount that included a prior award of $25,000). In support of her decision to award less than the amount requested, the Special Referee took into account, inter alia, the substantial equitable distribution award, the $5,000 maintenance award, the fact that the wife "[p]lainly . . . has more liquid assets than the husband," that numerous motions by the wife were "soundly defeated" and that "certain litigation strategy by the wife's counsel was nonproductive." The Special Referee noted the failure of the wife's counsel to comply with 22 NYCRR 1400.2, which entitles the client "to receive a written, itemized bill on a regular basis, at least every 60 days." The Special Referee also noted that counsel had provided a "mere four bills" over a 26-month period of the representation. As the husband argues, the bills "lumped together multiple legal services rendered and [a] total amount for . . . all of those services." Indeed, one such bill lumped together dozens of separate services counsel provided and stated the total number of hours (136) for all the services. To be sure, a computer printout providing considerably more specificity concerning the number of hours spent on each day that services were provided was admitted into evidence at the hearing. But for that printout and counsel's testimony that the daily entries were prepared either contemporaneously or shortly thereafter, we would direct an additional reduction in the fee award. Without impugning counsel's integrity in the slightest,

we think it plain that the printout is not an adequate substitute for the itemized bills required by 22 NYCRR 1400.2. We agree with the Special Referee that "where there is a different individual to be charged by the court there should be an available higher level of scrutiny." Nonetheless, it appears that the Special Referee reduced the award on account of counsel's failure to comply with this requirement of 22 NYCRR 1400.2, one of the rules "promulgated to address abuses in the practice of matrimonial law" (*Julien v Machson*, 245 AD2d 122 [1997]). Under all the circumstances of this case, we decline to exercise our discretion to further reduce the amount of the award.

We have considered the parties' other claims for affirmative relief and find them unavailing. Concur—Andrias, J.P., Friedman, McGuire, Acosta and DeGrasse, JJ.