■ Dorothy Bauman, Respondent, v Stephen Bauman, Appellant. [19 NYS3d 58]—

Appeal from stated portions of a judgment of the Supreme Court, Nassau County (Hope Schwartz Zimmerman, J.), entered September 25, 2013. The judgment, upon a decision dated May 10, 2013, made upon written submissions of the parties, inter alia, awarded the plaintiff monthly child support in the sum of $2,900, directed that the defendant maintain health insurance for the benefit of the parties' children and pay 80% of the children's unreimbursed medical expenses, reasonable and necessary child care expenses, summer camp/summer activities expenses, tutoring or school related assistance or therapy expenses, and extracurricular activities expenses, directed that the defendant pay to the plaintiff the sum of

$420,189 in arrears for the carrying charges on the marital residence pursuant to a pendente lite order dated January 27, 2009, directed that the defendant pay to the plaintiff the sum of $12,650 for arrears for support, maintenance, and unreimbursed medical expenses pursuant to the pendente lite order, awarded the plaintiff sole title and interest in the marital residence, and awarded the plaintiff an attorney's fee in the sum of $30,000.

Ordered that the judgment is modified, on the law, on the facts, and in the exercise of discretion, (1) by deleting the provision thereof directing that the defendant pay to the plaintiff the sum of $420,189 in arrears for the carrying charges on the marital residence pursuant to the pendente lite order and substituting therefor a provision awarding the plaintiff the sum of $206,094.50 in arrears for the carrying charges on the martial residence pursuant to the pendente lite order, and (2) by adding a provision thereto deducting from the defendant's basic child support obligation a sum equal to 20% of the cost of maintaining health insurance for the parties' children; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements.

The parties were married on October 4, 1998, and have three minor children. The plaintiff commenced this action for a divorce and ancillary relief in September 2008.

At the time the action was commenced, the defendant earned $100,000 per year as a vice president for operations at Bounty Trading Corporation (hereinafter Bounty Trading), where he had worked for over 20 years, and also generated income from his own businesses. He claimed that on January 14, 2009, his employment at Bounty Trading terminated. In a pendente lite order dated January 27, 2009, the plaintiff was awarded the sum of $2,000 per month in maintenance and support, and carrying charges on the marital residence. According to the defendant, in or about October 2009, he started another business called BS&D Transportation, LLC, which engaged in activities similar to his activities at Bounty Trading. The defendant's tax returns for 2011 indicated an adjusted gross income of $26,738. Since the birth of the parties' children, the plaintiff was a full-time mother and homemaker as well as an advocate and care manager for one of her children, who has special needs.

The appraised value of the parties' jointly owned marital residence was $688,000. The house was encumbered with mortgage debt in excess of $450,000 and a home equity loan of $200,000. At the time the judgment was rendered, the defendant was in arrears in payment of maintenance and support in

the sum of $11,550, was in arrears in the payment of unreimbursed medical expenses in the sum of $1,100, and had not paid the carrying charges on the marital residence in years. However, he had paid $4,000 for repairs of the marital residence, and the parties stipulated that he would receive a credit for that amount.

The Supreme Court imputed income to the defendant of $120,000 per year, based upon the defendant's earning history, his education and experience, his business interests, and his lifestyle during the marriage, which indicated that he earned more money than he claimed. The Supreme Court also imputed income to the plaintiff of $30,000 per year based upon her education, experience, and earnings history, which included income derived from part-time work.,

"A court need not rely upon a party's own account of his or her finances, but may impute income based upon the party's past income or demonstrated future potential earnings" (*Sotnik v Zavilyansky*, 101 AD3d 1102, 1103 [2012] [internal quotation marks omitted]; *see Greisman v Greisman*, 98 AD3d 1079, 1080 [2012]; *Haagen-Islami v Islami*, 96 AD3d 1004, 1005 [2012]). Here, the Supreme Court providently exercised its discretion in imputing income to the defendant in the amount of $120,000 per year based upon all the circumstances, including evidence which tended to show that he earned more than he claimed. Moreover, based on the income imputed to the parties, the court providently calculated the defendant's basic support obligation pursuant to the Child Support Standards Act (hereinafter CSSA; *see* Domestic Relations Law § 240 [1-b]). Further, the court properly directed that the defendant pay 80% of the children's unreimbursed reasonable health care expenses, 80% of reasonable and necessary child care expenses, including summer camp expenses (*see Matter of Byrne v Byrne*, 46 AD3d 812 [2007]), and 80% of the expenses for the children's tutoring and extracurricular activities (*see* Domestic Relations Law § 240 [1-b] [c] [4], [5] [v]; [7]), based upon the finding that he earned 80% of the combined parental income. While the court properly directed that the defendant maintain health insurance for the benefit of the children, it should have directed that the plaintiff's 20% pro rata share of such costs be deducted from the defendant's basic support obligation (*see* Domestic Relations Law § 240 [1-b] [c] [5] [ii]).

The Supreme Court awarded the plaintiff sole title to the marital residence, encumbered by the mortgage and home equity loan, and directed that she would be solely responsible for those encumbrances. She was also awarded its contents,

her jewelry, and $17,500 from a 401k account maintained by the defendant which had a balance of $35,000 at the time of the commencement of the action. The plaintiff was also awarded the sum of $420,189, representing unpaid carrying charges for the marital residence, which was due pursuant to the pendente lite order. The defendant was awarded 100% of his business interests and all bank accounts in his name.

When a pendente lite award of maintenance is found at trial to have been excessive or inequitable, the Supreme Court may make an appropriate adjustment (*see Johnson v Chapin*, 12 NY3d 461 [2009]; *Kilkenny v Kilkenny*, 54 AD3d 816 [2008]). The Supreme Court imputed income to the defendant in the sum of $120,000 per year and calculated the carrying charges on the marital residence to be $8,239 per month. Based on the income imputed to the defendant and the fact that the plaintiff resided in the marital residence during the pendency of the action, and was awarded sole title to the marital residence, equity requires that the defendant be credited $210,094.50, or 50% of the $420,189 in pendente lite arrears for the carrying charges on the marital residence. Moreover, the defendant correctly contends that pursuant to the stipulation, he is entitled to a $4,000 credit as against arrears for repairs made to the martial residence.

Under the circumstances presented, the Supreme Court did not improvidently exercise its discretion in awarding the plaintiff sole title to the marital residence, which was substantially encumbered, as well as the contents of the marital residence (*see Groesbeck v Groesbeck*, 51 AD3d 722 [2008]; *Costa v Costa*, 46 AD3d 495 [2007]). Moreover, the court providently directed that a tax lien was solely the liability of the defendant (*see Frey v Frey*, 68 AD3d 1052 [2009]; *Costello v Costello*, 304 AD2d 517 [2003]). Further, under the circumstances presented here, the court properly awarded the plaintiff an attorney's fee in the sum of $30,000 (*see* Domestic Relations Law § 237 [a]).

The defendant's remaining contentions are without merit. Hall, J.P., Austin, Sgroi and Hinds-Radix, JJ., concur.