Nacos v Nacos (2019 NY Slip Op 00035)





Nacos v Nacos


2019 NY Slip Op 00035


Decided on January 3, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 3, 2019

Friedman, J.P., Richter, Gesmer, Kern, Moulton, JJ.


7992 306730/10

[*1]Julie Karen Nacos, Plaintiff-Appellant,
v
John Christopher Nacos, Defendant-Respondent.


Borstein Turkel, P.C., New York (Avram S. Turkel of counsel), for appellant.
Warshaw Burstein, LLP, New York (Eric I. Wrubel of counsel), for respondent.



Judgment of divorce, Supreme Court, New York County (Deborah A. Kaplan, J.), entered August 1, 2017, to the extent appealed from as limited by the briefs, adjudging that marital funds spent by defendant husband during the pendency of the action would not be reallocated, that defendant's minority ownership in a business investment, Cabo New LLC, remained his, free and clear of any claims of plaintiff wife, and that plaintiff's debt (promissory notes) to her father were her sole responsibility, awarding defendant a $150,000 credit for counsel fees, and directing defendant to obtain life insurance in the amount of $4,000,000, unanimously modified, on the law and the facts, to vacate the $150,000 credit awarded to defendant for counsel fees, and otherwise affirmed, without costs.
We agree with Supreme Court that plaintiff's conduct during the pendency of this highly contentious divorce action now entering its eighth year of litigation warrants consequences. The record supports the referee's finding that plaintiff was aware that her brother had hired a private investigator to make scurrilous allegations about defendant to his employer, including that he was engaged in tax evasion, money laundering, and corporate espionage, and that these actions may have contributed to the termination of defendant's employment seven months later.
For these reasons, we find no abuse of discretion in the trial court's equitable distribution award.
The court properly declined to distribute the marital asset of defendant's minority shares in Cabo New LLC. Plaintiff failed to meet her burden, as the party seeking an interest in the business, of establishing its value (see Post v Post, 68 AD3d 741, 743 [2d Dept 2009]). Although defendant retained a court-appointed neutral to appraise the LLC and provided financial information, plaintiff did not obtain a valuation, for reasons that were never fully explained. In the absence of any information by which to assess the value of the business, and in view of the LLC's strict operating agreement, the court was unable to distribute defendant's minority interest (see Antoian v Antoian, 215 AD2d 421 [2d Dept 1995]).
The court properly rejected plaintiff's claim that defendant should be responsible for a debt owed to her father, which she alleged represented loans used to cover her and the children's expenses. Given that the promissory notes submitted as evidence of the loans were not executed until October 2013, shortly after plaintiff's father was served with a trial subpoena seeking documentation of the loans, the referee properly found that they were not valid. Even if the promissory notes were enforceable, the referee properly concluded that plaintiff should be solely responsible for repayment because she was being supported by defendant during the period in question.
We find that defendant was improperly credited $150,000 for his counsel fees expended on litigation related to trial subpoenas served on plaintiff's brother and husband, including an appeal to this Court (Nacos v Nacos, 124 AD3d 462 [1st Dept 2015]). The appeal, while unsuccessful, was not completely devoid of merit. Moreover, to the extent the credit appears to be a punitive award of attorneys' fees to the monied spouse against the non-monied spouse, it was improper (see Silverman v Silverman, 304 AD2d 41, 48 [1st Dept 2003]).
The court properly denied plaintiff's application for counsel fees for failure to comply with 22 NYCRR 1400.2 (see Moyal v Moyal, 85 AD3d 614, 616 [1st Dept 2011]). Contrary to her contention, plaintiff waived a hearing on the matter by consenting to submit the issue on papers rather than testimony (see Olsan v Olsan, 100 AD2d 776, 777 [1st Dept 1984], appeal dismissed 63 NY2d 649 [1984]).
The court properly calculated that an insurance policy with a face value of $4,000,000 would be sufficient to cover defendant's maintenance and child support obligations under the judgment of divorce, and properly accounted for any health insurance and unreimbursed medical expenses by directing that the policy be maintained in that amount until the oldest child is emancipated.
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 3, 2019
CLERK