Cotton v Roedelbronn (2019 NY Slip Op 02294)





Cotton v Roedelbronn


2019 NY Slip Op 02294


Decided on March 26, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 26, 2019

Manzanet-Daniels, J.P., Gische, Gesmer, Singh, Moulton, JJ.


8810 314883/12

[*1]Timothy Cotton, Plaintiff-Respondent,
v
Teresa May Roedelbronn, Defendant-Appellant.


Law Office of Howard Benjamin, New York (Howard Benjamin of counsel), for appellant.
Bronstein Van Veen LLC, New York (Peter E. Bronstein of counsel), for respondent.



Judgment, Supreme Court, New York County (Deborah A. Kaplan, J.), entered October 25, 2017, which to the extent appealed from as limited by the briefs, awarded defendant wife 10% of plaintiff husband's business interest valued at $19,942,898, and 40% of his interests in two other business entities valued at $3,280,150 and $655,943, respectively, and awarded defendant monthly maintenance of $20,000 for 36 months, unanimously affirmed, without costs.
The court properly accepted the Special Referee's findings as to the value of plaintiff's various business interests subject to equitable distribution since these values were within the range of the testimony presented at trial and were grounded on the credibility of plaintiff's expert witness and his valuation techniques (see Peritore v Peritore, 66 AD3d 750, 752 [2d Dept 2009]). Contrary to defendant's contention, the record supports the finding that plaintiff's business assets were actively managed, and thus appropriately valued close to the date of commencement of the action (see Heine v Heine, 176 AD2d 77, 87 [1st Dept 1992], lv denied 80 NY2d 753 [1992]; Domestic Relations Law § 236[B][4][b]). Notably, defendant, who retained her own expert to appraise plaintiff's business interests during the pendency of the action, failed to call her expert as a witness.
Regarding the equitable distribution of the marital value of plaintiff's business assets, there is no support for defendant's claim that she was entitled to 50% of their marital value (see Arvantides v Arvantides, 64 NY2d 1033, 1034 [1985]). The court, after correcting a scrivener's error, properly accepted the Referee's recommendation that defendant receive 10% of the total value of certain entities valued at $19,942,898. The record shows that the value of these businesses was primarily derived from efforts made by plaintiff and his partners prior to the marriage, and that defendant made little, if any, contribution to the growth of these businesses. To the contrary, the evidence at trial indicated that defendant at times acted as a hindrance to plaintiff's business dealings. Accordingly, the court was not required to divide these marital assets equally (see id.).
Furthermore, there is no reason to disturb the distributive award of 40% of the marital value of two other business entities, which plaintiff formed during the marriage using mostly marital funds. Despite evidence that defendant made no direct contribution to these business entities, the Referee awarded her a 40% distributive share based on a finding that she shared in the parties' restrained lifestyle that allowed these particular investments to grow. Under the circumstances, this was a provident exercise of discretion (see Mahoney-Buntzman v Buntzman, 12 NY3d 415, 420 [2009]; Arvantides at 1034).
The court providently exercised its discretion in awarding defendant monthly maintenance of $20,000, as recommended by the Referee, but for an extended duration of 36 months. The only evidence of defendant's expenses was her net worth statement, which the Referee found riddled with misstatements, inaccuracies, and unsubstantiated expenses. Moreover, expert testimony at trial demonstrated that this amount and duration would be [*2]sufficient to meet defendant's needs and allow her to re-enter the employment market (see Anonymous v Anonymous, 222 AD2d 305, 306 [1st Dept 1995]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 26, 2019
CLERK