Nosratabdi v Aroni (2021 NY Slip Op 05862)





Nosratabdi v Aroni


2021 NY Slip Op 05862


Decided on October 27, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 27, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
BETSY BARROS
PAUL WOOTEN
DEBORAH A. DOWLING, JJ.


2017-10474
 (Index No. 201587/13)

[*1]Rashin Nosratabdi, respondent,
v
Farshad Aroni, etc., appellant.


Hogan & Cassell, LLP, Jericho, NY (Michael Cassell of counsel), for appellant.



DECISION & ORDER
In an action for a divorce and ancillary relief, the defendant appeals from stated portions of a judgment of divorce of the Supreme Court, Nassau County (Marie F. McCormack, Ct. Atty. Ref.), entered August 17, 2017. The judgment of divorce, upon a decision of the same court dated March 20, 2017, made after a nonjury trial, inter alia, imputing an annual income to the defendant of $80,000 and determining the plaintiff's annual income for maintenance and child support purposes to be $23,943.31, directed the defendant to pay child support in the amount of $1,327.65 per month until the eldest child is emancipated and $1,666.77 per month thereafter, as well as maintenance in the amount of $1,500 per month for four years, and awarded the marital residence solely to the plaintiff.
ORDERED that the judgment of divorce is modified, on the law, (1) by deleting the provision thereof directing the defendant to pay child support in the amount of $1,327.65 per month until the eldest child is emancipated and $1,666.77 per month thereafter, and (2) by deleting the provision thereof directing the defendant to pay maintenance in the sum of $1,500 per month for four years; as so modified, the judgment of divorce is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for a new determination of the plaintiff's annual income for maintenance and child support purposes, a recalculation of the defendant's maintenance obligation and the parties' respective child support obligations, and, thereafter, the entry of an appropriate amended judgment of divorce; and it is further,
ORDERED that, in the interim, the parties shall continue to pay their current maintenance and child support obligations.
The parties were married on August 8, 1999. There are three children of the marriage. The plaintiff commenced this action for a divorce and ancillary relief on or about June 12, 2013, and both parties agreed to have the matter heard and determined by a referee. Prior to the start of trial, the parties stipulated to the custody of the children. The defendant was awarded sole legal and residential custody of the eldest child, and the plaintiff was awarded sole legal and residential custody of the two younger children.
Following the trial, the referee imputed an annual income of $80,000 to the defendant and calculated his monthly child support obligation to the plaintiff for the two younger children to [*2]be $1,666.77. The referee determined the plaintiff's annual income for maintenance and child support purposes to be $23,943.31 and her monthly child support obligation for the eldest child to be $339.12. The referee also awarded the plaintiff maintenance in the amount of $1,500 per month for four years. Additionally, the referee awarded the marital residence solely to the plaintiff.
Contrary to the defendant's contention, the referee providently exercised her discretion in imputing annual income of $80,000 to him. "A court need not rely upon a party's own account of his or her finances, but may impute income based upon the party's past income or demonstrated future potential earnings" (Mosso v Mosso, 84 AD3d 757, 758). The court may impute income to a party based, inter alia, on his or her former resources or income, as well as money, goods, or services received from relatives and friends (see Domestic Relations Law § 240[1-b][b][5][iv]; [v]). "Trial courts possess considerable discretion to impute income in fashioning a child support award" (Moffre v Moffre, 29 AD3d 1149, 1150).
Here, the referee's discretionary determination to impute an annual income to the defendant in the sum of $80,000 for the purpose of calculating child support and maintenance, based upon the defendant's prior work experience in the real estate business, as well as money received from his father, is supported by the record (see Bauman v Bauman, 132 AD3d 791).
However, the referee erred in determining the plaintiff's annual income for maintenance and child support purposes to be only $23,943.31. "A parent's child support obligation is determined by his or her ability to provide support, rather than the parent's current financial situation" (Johnson v Johnson, 172 AD3d 1654, 1656 [internal quotation marks omitted]). "Income may be imputed based on a party's earning capacity, as long as the court articulates the basis for imputation and the record evidence supports the calculations" (id. at 1656 [internal quotation marks omitted]). Here, the referee failed to take into account the plaintiff's full ability to provide support, instead determining her annual income based solely on a tax return for the 2015 fiscal year, in which the plaintiff had worked only from May through December. As the defendant correctly points out, more recent income information was available from 2016 earnings statements provided by the plaintiff's employer, which the referee should have used to estimate the plaintiff's income for a full year. Accordingly, we remit the matter to the Supreme Court, Nassau County, for a new determination of the plaintiff's annual income.
Since the plaintiff's annual income was one of the factors considered by the referee in determining the amount and duration of maintenance (see Domestic Relations Law § 236[B][6]), as well as in calculating the parties' respective child support obligations under the Child Support Standards Act (id. § 240[1-b]), the Supreme Court, upon remittitur and a new determination of the plaintiff's income, must recalculate the amount of maintenance payable by the defendant to the plaintiff and, thereafter, recalculate the parties' respective child support obligations. Moreover, as the defendant correctly points out, in recalculating the parties' respective child support obligations, the court should add the maintenance award to the plaintiff's annual income (see id. § 240[1-b][b][5][iii][I]) and deduct the amount of maintenance from the defendant's annual imputed income (see id. § 240[1-b][b][5][vii][C]).
Under the circumstances presented, the referee providently exercised her discretion in awarding the plaintiff the marital residence, which was substantially encumbered (see Bauman v Bauman, 132 AD3d 791).
The defendant's remaining contention is without merit.
CHAMBERS, J.P., BARROS, WOOTEN and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court