Qazi v Qazi (2023 NY Slip Op 04970)

Qazi v Qazi

2023 NY Slip Op 04970

Decided on October 4, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 4, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
WILLIAM G. FORD
DEBORAH A. DOWLING
JANICE A. TAYLOR, JJ.

2021-00287
 (Index No. 201280/16)

[*1]Rehana Qazi, respondent,
v
Barkuzzaman Qazi, appellant.

Sean Sabeti, Great Neck, NY, for appellant.
Rehana Qazi, New Hyde Park, NY, respondent pro se.

DECISION & ORDER
In an action for a divorce and ancillary relief, the defendant appeals from a judgment of divorce of the Supreme Court, Nassau County (Joseph H. Lorintz, J.), entered November 26, 2018. The judgment of divorce, insofar as appealed from, upon a decision of the same court dated July 5, 2018, made after a nonjury trial, directed the defendant to pay the sum of $1,384.10 per month in basic child support, as well as 66% of the unreimbursed medical and undergraduate college expenses of the parties' children.
ORDERED that the judgment of divorce is affirmed insofar as appealed from, with costs.
The parties were married in 1994 and have two children. The plaintiff commenced this action for a divorce and ancillary relief in May 2016. A nonjury trial to determine custody, parental access, child support, equitable distribution, and counsel fees was held in December 2017. In a decision after trial dated July 5, 2018, the Supreme Court, inter alia, imputed an annual income in the sum of $72,000 to the defendant for purposes of calculating child support, and, utilizing this figure, directed the defendant to pay the sum of $1,384.10 per month in basic child support, as well as 66% of the children's unreimbursed medical and undergraduate college expenses. On November 26, 2018, the court entered a judgment of divorce upon the decision. The defendant appeals from the judgment of divorce.
"A court has broad discretion to impute income when determining the amount of child support and is not bound by the parties' representations of their finances" (Pilkington v Pilkington, 185 AD3d 844, 846). "Where a party's account is not believable, the court may impute a true or potential income higher than alleged" (Wesche v Wesche, 77 AD3d 921, 923). "Trial courts possess considerable discretion to impute income in fashioning a child support award" (Nosratabdi v Aroni, 198 AD3d 976, 977 [internal quotation marks omitted]). "However, the court must provide a clear record of the source of the imputed income, the reasons for such imputation, and the resultant calculations" (Pilkington v Pilkington, 185 AD3d at 846). "The factfinder's determination concerning the imputation of income to an obligor spouse is almost always based on the resolution of credibility, and therefore, is given great deference on appeal" (Sufia v Khalique, 189 AD3d 1499, 1501 [internal quotation marks omitted]).
Here, contrary to the defendant's contentions, the Supreme Court's discretionary determination to impute an annual income to the defendant in the sum of $72,000 for the purposes of calculating child support, based upon the defendant's own admissions, is supported by the record (see Nosratabdi v Aroni, 198 AD3d at 977). Specifically, while the Domestic Relations Law allows for deductions for "unreimbursed employee business expenses except to the extent said expenses reduce personal expenditures" (Domestic Relations Law § 240[1-b][5][vii][A]), such expenses "are properly deducted from parental income in calculating child support obligations only when proven, usually by tax returns accompanied by records and receipts" (La Porte v La Porte, 263 AD2d 585, 587). Accordingly, as the defendant failed to prove his actual, current business expenses, if any, we affirm the judgment of divorce insofar as appealed from.
DUFFY, J.P., FORD, DOWLING and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court