Matter of DiSapio v DiSapio (2024 NY Slip Op 01707)

Matter of DiSapio v DiSapio

2024 NY Slip Op 01707

Decided on March 27, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 27, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
PAUL WOOTEN
LARA J. GENOVESI
DEBORAH A. DOWLING, JJ.

2023-01886
 (Docket Nos. F-18524-12/21H, F-18524-12/21I)

[*1]In the Matter of Christian DiSapio, appellant,
v
Erika DiSapio, respondent.

Sparacino & Sparacino, PLLC, Northport, NY (Jessica D. Sparacino of counsel), for appellant.
Peter M. Nissman, New York, NY, for respondent.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Suffolk County (Paul M. Hensley, J.), dated March 31, 2022. The order denied the father's objections to so much of an order of the same court (Aletha V. Fields, S.M.) dated January 21, 2022, as, after a hearing, denied that branch of the father's amended petition which was for an award of child support and directed the father to enroll the parties' children in a health insurance plan and to pay 53% of the children's health insurance premiums.
ORDERED that the order dated March 31, 2022, is modified, on the law and in the exercise of discretion, by deleting the provision thereof denying the father's objection to so much of the order dated January 21, 2022, as directed him to enroll the children in a health insurance plan, and substituting therefor a provision granting that objection and vacating that portion of the order dated January 21, 2022; as so modified, the order dated March 31, 2022, is affirmed, without costs or disbursements.
The parties are the divorced parents of two children. In an order dated December 12, 2014, the father was directed to pay, inter alia, weekly child support in the sum of $185 and 26% of unreimbursed health-related expenses. In November 2021, the father filed an amended petition to terminate his child support obligation and for an award of child support on the ground that one of the parties' children was residing with him full time. Following a hearing, the Support Magistrate imputed income to the father in the sum of $127,400 per year, determined that neither party shall pay basic child support to the other, and issued an order dated January 21, 2022, among other things, denying that branch of the father's amended petition which was for an award of child support and directing the father to enroll the children in a health insurance plan and to pay 53% of the children's health insurance premiums. In an order dated March 31, 2022, the Family Court denied the father's objections to the Support Magistrate's order. The father appeals.
"A parent's child support obligation is determined by his or her ability to provide support, rather than the parent's current financial situation" (Nosratabdi v Aroni, 198 AD3d 976, 978 [internal quotation marks omitted]). "'Where a party's account is not believable, the court may impute a true or potential income higher than alleged'" (Anyanwu v Anyanwu, 216 AD3d 1128, 1129, quoting Sufia v Khalique, 189 AD3d 1499, 1501; see Matter of Baumgardner v Baumgardner, [*2]126 AD3d 895, 897). "Income may be imputed based on a party's earning capacity, as long as the court articulates the basis for imputation and the record evidence supports the calculations" (Nosratabdi v Aroni, 198 AD3d at 978 [internal quotation marks omitted]). "'The court has considerable discretion in determining whether income should be imputed to a party and the court's credibility determinations are accorded deference on appeal'" (Tuchman v Tuchman, 201 AD3d 986, 990, quoting Matter of Monti v DiBedendetto, 151 AD3d 864, 866; see Matter of Coughlan v Coughlan, 218 AD3d 569, 571).
Here, the record supports the Support Magistrate's imputation of $127,400 in yearly income to the father (see Nosratabdi v Aroni, 198 AD3d at 978; Matter of Monti v DiBedendetto, 151 AD3d at 866). Moreover, utilizing the father's imputed income in recalculating the parties' respective child support obligations, the Support Magistrate properly determined that the father was not entitled to an award of child support from the mother and directed him to pay 53% of the children's health insurance premiums (see Family Ct Act § 413). Therefore, the Family Court properly denied the father's objections to so much of the Support Magistrate's order as denied that branch of the father's amended petition which was for an award of child support and directed him to pay 53% of the children's health insurance premiums.
However, the Support Magistrate improvidently exercised her discretion in directing the father enroll the children in a health insurance plan, as it is undisputed that the children had been covered under a policy of insurance provided by the mother, and neither party sought modification of their respective obligations to provide health insurance (see Matter of Abamonte v Cleary, 309 AD2d 929, 930). Accordingly, the Family Court should have granted the father's objection to so much of the Support Magistrate's order as directed him to enroll the children in a health insurance plan.
IANNACCI, J.P., WOOTEN, GENOVESI and DOWLING, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court