Matter of Stanley v Lomax (2026 NY Slip Op 00904)

Matter of Stanley v Lomax

2026 NY Slip Op 00904

Decided on February 18, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 18, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LINDA CHRISTOPHER
BARRY E. WARHIT
ELENA GOLDBERG VELAZQUEZ, JJ.

2025-04730
 (Docket No. F-3270-23)

[*1]In the Matter of Alisha Stanley, respondent,
vKelvin H. Lomax, appellant.

Law Offices of Joseph S. Gulino, Jr., Esq., PLLC, White Plains, NY, for appellant.
Legal Services of Hudson Valley, New Windsor, NY (Kassandra D. Brescia of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Orange County (Christine P. Krahulik, J.), dated March 25, 2025. The order denied the father's objections to an order of the same court (Barbara O. Afriyie, S.M.) dated October 7, 2024, which, after a hearing, and upon findings of fact dated October 7, 2024, inter alia, in effect, granted the mother's petition for child support and directed the father to pay child support in the sum of $2,028 per month.
ORDERED that the order dated March 25, 2025, is affirmed, without costs or disbursements.
In June 2023, the mother commenced this proceeding pursuant to Family Court Act article 4 for child support for the parties' two children. After a hearing, and upon findings of fact dated October 7, 2024, in an order dated October 7, 2024, the Support Magistrate, inter alia, in effect, granted the mother's petition and directed the father to pay child support in the sum of $2,028 per month. The father filed objections to the Support Magistrate's order. In an order dated March 25, 2025, the Family Court denied the father's objections. The father appeals.
"The level of child support is determined by the parents' ability to provide for their children rather than their current economic situation" (Matter of Evans v Evans, 186 AD3d 1684, 1684 [internal quotation marks omitted]). "The court has considerable discretion in determining whether income should be imputed to a party and the court's credibility determinations are accorded deference on appeal" (Matter of Monti v DiBedendetto, 151 AD3d 864, 866). A court need not rely upon a party's own account of his or her finances, but may impute income based upon that party's past income or demonstrated future potential earnings, their employment history, their future earning capacity, or other relevant factors (see Matter of Morales v Foley, 242 AD3d 888, 889; Matter of Rohme v Burns, 92 AD3d 946, 947).
Here, the amount of income imputed to the father is supported by the record and should not be disturbed (see Qazi v Qazi, 220 AD3d 660, 661). The amount of income imputed to the father by the Support Magistrate was derived from the father's federal tax return transcript for [*2]the tax period ending December 31, 2022. The father failed to provide requested financial documentation to the Family Court and merely claimed that he had retired in May 2023 without corroboration. Thus, the imputation of income to the father based upon his actual income potential was appropriate (see Matter of Rohme v Burns, 92 AD3d at 947; Liles v Liles, 56 AD3d 531, 532).
DUFFY, J.P., CHRISTOPHER, WARHIT and GOLDBERG VELAZQUEZ, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court