Matter of Jones v Stewart
2026 NY Slip Op 03307
May 27, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Whitney Jones, respondent,
v
Ahijah Stewart, appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on May 27, 2026
2025-07393, (Docket No. F-22544-23)
Lara J. Genovesi, J.P.
Deborah A. Dowling
Lillian Wan
Susan Quirk, JJ.

Ahijah Stewart, Brooklyn, NY, appellant pro se.
Whitney Jones, Brooklyn, NY, respondent pro se.

[*1]
DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Kings County (Tawanna St. Louis, J.), dated May 1, 2025. The order denied the father's objections to an order of the same court (Adele Alexis Harris, S.M.) dated February 20, 2025, which, upon findings of fact dated January 24, 2025, inter alia, directed him to pay basic child support in the sum of $161.09 per week commencing on September 1, 2025.
ORDERED that the order dated May 1, 2025, is affirmed, without costs or disbursements.
The father and the mother have one child together, born in 2018. In 2023, the mother commenced this proceeding against the father for child support. In an order dated February 20, 2025, the Support Magistrate, inter alia, directed the father to pay child support in the sum of $161.09 per week commencing on September 1, 2025. The Support Magistrate determined, among other things, that the father had failed to submit competent medical evidence to support his claimed inability to work, and the Support Magistrate imputed annual income to the father based upon earnings reflected on his 2022 tax return. The father filed objections to the Support Magistrate's order. In an order dated May 1, 2025, the Family Court denied the father's objections. The father appeals.
"'A parent's child support obligation is determined by his or her ability to provide support, rather than the parent's current financial situation'" (see Matter of Askinazi v Askinazi, 240 AD3d 775, 777 [internal quotation marks omitted], quoting Nosratabdi v Aroni, 198 AD3d 976, 978). Thus, "'[i]n determining child support obligations, a court need not rely upon a party's own account of his [or her] finances, but may impute income based upon the party's past income or demonstrated future potential earnings'" (id. [internal quotation marks omitted], quoting Matter of Coughlan v Coughlan, 218 AD3d 569, 570). "Where a party loses his or her job due to an illness or injury, 'the party has the same obligation to find some other type of employment, unless that party can demonstrate that he or she is unable to perform other work'" (Matter of Straker v Maynard-Straker, 133 AD3d 865, 866, quoting Matter of Davis v Davis, 13 AD3d 623, 624).
Here, the Family Court properly denied the father's objections to the Support Magistrate's order. The Support Magistrate's finding that the father failed to submit competent [*2]medical proof that he was unable to work is supported by the record (see Matter of Zhuo Hong Zheng v Hsin Cheng, 168 AD3d 862, 863; Matter of Muller v Muller, 156 AD3d 644, 645). Contrary to the father's contention, his receipt of public assistance does not relieve him from his obligation to provide child support (see Matter of Smith v Jeffers, 110 AD3d 904, 905). Moreover, any discrepancy between the Support Magistrate's oral representation regarding the father's child support obligation and her subsequent written orders did not deprive the father of due process (see e.g. Daniels v Howell, 9 AD3d 442, 443).
The father's remaining contention is without merit.
GENOVESI, J.P., DOWLING, WAN and QUIRK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court